# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-2788** |
| **v.** | : | |
| | : | **Honorable Yvette Kane** |
| **THOMAS W. CORBETT, LINDA L.** | : | |
| **KELLY, FRANK G. FINA, K.** | : | |
| **KENNETH BROWN, MICHAEL A.** | : | **Electronically Filed Document** |
| **SPROW, ANTHONY J. FIORE AND** | : | |
| **GARY E. SPEAKS,** | : | |
| **Defendants** | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT/MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

KATHLEEN G. KANE
**Attorney General**

By:  *s/Lindsey A. Bierzonski*

**LINDSEY A. BIERZONSKI**
**Deputy Attorney General**
**Attorney ID #308158**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**
**Fax:    (717) 772-4526**
**lbierzonski@attorneygeneral.gov**
**tkeating@attorneygeneral.gov**

*s/Timothy P. Keating*

**TIMOTHY P. KEATING**
**Senior Deputy Attorney General**
**Attorney ID #44874**

**GREGORY R. NEUHAUSER**
**Chief Deputy Attorney General**
**Chief, Civil Litigation Section**

**Date:   March 24, 2014**

*Counsel for Defendants Brown,*
*Corbett, Fiore, Speaks & Sprow*

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ ii

PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................... 1

STATEMENT OF QUESTIONS INVOLVED.................................................. 2

STANDARD OF REVIEW ................................................................................ 3

MOTION FOR SUMMARY JUDGMENT ...................................................... 4

ARGUMENT ..................................................................................................... 5

I.    The claim of malicious prosecution fails as a matter of law
      because two judges found probable cause for the charges
      against Zimmerman ................................................................................. 5

II.   Defendants are absolutely immune from suit for actions taken
      within their prosecutorial duties ............................................................ 7

III.  Linda L. Kelly and Thomas W. Corbett should be dismissed as
      parties due to their lack of personal involvement................................... 12

      A.   Linda L. Kelly Must be Dismissed as a Defendant........................... 13

      B.    Thomas W. Corbett Must be Dismissed as a Defendant.................... 15

IV.   Zimmerman has failed to state a claim of malicious prosecution
      Against Anthony J. Fiore and Gary E. Speaks ........................................ 17

V.    Sovereign immunity bars Zimmerman's claim under
      Pennsylvania Law .................................................................................... 18

CONCLUSION ................................................................................................. 21

Certificate of Word Count

Certificate of Service

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009) .......................................................................... 3, 4, 12

*Barrett v. United States*
    798 F.2d 565, 573 (2d Cir. 1986) ...................................................................... 10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 555 (2007) ................................................................................ 3, 4

*Benkoski v. Wasilewski*
    2007 WL 2670265, at *6 (M.D.Pa. Sept. 7, 2007) ........................................... 19

*Bernard v. County of Suffolk*
    356 F.3d 495, 502 (2d Cir. 2004) ........................................................................ 9

*Brady v. Maryland*
    373 U.S. 83, 87 (1963) ....................................................................................... 11

*Broam v. Bogan*
    320 F.3d 1023, 1030 (9th Cir. 2003) ................................................................. 11

*Brown v. Chardo*
    No. 11-CV-638, 2012 WL 983553, *5 (M.D.Pa. Mar. 22, 2012) ........................ 8

*Buckley v. Fitzsimmons*
    509 U.S. 259, 268 (1993) ..................................................................................... 7

*Burns v. Reed*
    500 U.S. 478 (1991) ............................................................................................. 8

*Butz v. Economou*
    438 U.S. at 506 (1978) ......................................................................................... 8

*Chinchello v. Fenton*
    805 F.2d 126, 133 (3d Cir.1986) ....................................................................... 13

*Davis v. Grusemeyer*
   996 F.2d 617, 628 n.20 (3d Cir. 1993) ................................................................. 9

*Denison v. Kelly*
   759 F.Supp. 199, 201 (M.D.Pa. 1991) ................................................................ 14

*DiBella v. Borough of Beachwood*
   407 F.3d 599, 602 (3d Cir. 2005) ...................................................... 6, 11, 12, 17

*Dory v. Ryan*
   25 F.3d 81, 83 (2d Cir. 1994) ............................................................................... 9

*Douris v. Schweiker*
   229 F.Supp.2d 391, 411 (E.D.Pa. 2002) ............................................................ 10

*Estate of Smith v. Marasco*
   318 F.3d 497, 521 (3d Cir. 2003) ...................................................... 6, 11, 12, 17

*Evancho v. Fisher*
   423 F. 3d. 347, 353 (3d Cir.2005) ......................................................... 12, 15, 17

*Forrester v. White*
   484 U.S. 219, 229 (1988) .................................................................................... 11

*Harlow v. Fitzgerald*
   457 U.S. at 818 (1982) .......................................................................................... 8

*Hill v. City of New York*
   45 F.3d 653 (2d Cir. 1995) .................................................................................... 8

*Hishon v. King & Spalding*
   467 U.S. 69, 73 (1984) ........................................................................................... 3

*Humphrey v. York County Court of Common Pleas*
   640 F.Supp. 1239 (M.D.Pa. 1986) ...................................................................... 14

*Imbler v. Pachtman*
   424 U.S. 409, 430-31 (1976) ............................................................... 8, 9, 10, 12

*Jennings v. Shuman*
  567 F.2d 1213, 1221-22 (3d Cir. 1977) ................................................................9

*Kalina v. Fletcher*
  522 U.S. 118, 129 (1997)......................................................................................9

*Kaylor v. Fields*
  661 F.2d 1177, 1184 (8th Cir. 1981) ................................................................14

*Knight v. Poritz*
  157 Fed.Appx. 481, 487 (3d Cir. 2005).................................................................9

*Kulwicki v. Dawson*
  969 F.2d 1454, 1463-64 (3d Cir. 1992) ...............................................................8

*LaFrankie v. Miklich*
  618 A.2d 1145 (Pa.Cmwlth.Ct. 1992) ...............................................................19

*Larsen v. State Employees' Retirement System*
  553 F.Supp.2d 403, 420 (M.D.Pa. 2008)............................................................19

*LeBlanc v. Stedman*
  483 Fed.Appx. 666, 669, 2012 WL 1528562, *2 (3d Cir. 2012) ........................9

*Lellock v. Pain, Webber, Jackson & Curtis, Inc.*
  No. 81–2104, 1983 WL 1351, at *7 (W.D.Pa. June 29, 1983)...........................14

*Maute v. Frank*
  657 A.2d 985, 986 (Pa.Super.Ct. 1995)..............................................................19

*McCloskey v. Mueller*
  446 F.3d 262, 271 (1st Cir. 2006)......................................................................14

*Meiksin v. Howard Hanna Co.*
  404 Pa.Super. 417, 420, 590 A.2d 1303, 1305 (Pa.Super.Ct. 1991) ...................6

*Mutual Medical Plans, Inc. v. County of Peoria*
  309 F.Supp.2d 1067, 1081 (C.D.Ill. 2004) ........................................................18

*Pennsylvania v. Gray*
   322 Pa.Super. 37, 469 A.2d 169 (Pa.Super.Ct. 1983),
   affirmed, 509 Pa. 476, 503 A.2d 921 (Pa. 1985) ................................... 6

*Pennsylvania v. Jury*
   431 Pa.Super. 129, 139, 636 A.2d 164, 169,
   appeal denied, 537 Pa. 647, 644 A.2d 733 (Pa.Super.Ct. 1993) .......................... 6

*Phillips v. Allegheny Cnty.*
   515 F.3d 224, 231 (3d Cir. 2008) ................................... 3, 4

*Pickering v. Sacavage*
   642 A.2d 555 (Pa.Cmwlth. Ct.1994),
   *appeal denied*, 652 A.2d 841 (Pa. 1994) ........................... 18

*Pinker v. Roche Holdings Ltd.*
   292 F.3d 361, 374 n.7 (3d Cir. 2002) ................................... 3

*Ransom v. Marrazzo*
   848 F.2d 398, 401 (3d Cir. 1988) ........................... 3

*Rizzo v. Goode*
   423 U.S. 362, 372 (1976) ................................... 12, 13

*Robinson v. Pittsburgh*
   120 F.3d 1286, 1293-94 (3d Cir. 1997) ........................... 12, 13

*Rode v. Dellarciprete*
   845 F.2d 1195, 1207 (3d Cir. 1980) ........................... 12, 13

*Rose v. Bartle*
   871 F.2d 331, 347 (3d Cir. 1989) ................................... 9

*Shmueli v. New York*
   424 F.3d 231, 238 (2d Cir. Sept.15, 2005) ........................... 9

*Smith v. Holtz*
   210 F.3d 186, 199 n.18 (3d Cir.2000) ................................... 10

*Stone v. Felsman*
  No. 10-CV-442, 2011 WL 5320738, at *10-11 (M.D.Pa. Nov. 1, 2011)...........19

*Velykis v. Shannon*
  C.A. No. 1:06-CV-0124, 2006 WL 3098025,
  at *3-4 (M.D.Pa. Oct. 30, 2006) .......................................................................19

*Yarris v. County of Delaware*
  465 F.3d 129,137 (3d Cir. 2006) .............................................................10, 11

## CONSTITUTION

Amendment IV......................................................................................................5

## STATUTES

42 Pa.C.S. § 8522(b) .........................................................................................18

## RULES

Fed. R. Civ. P. 8(a)(2) ........................................................................................4
Fed. R. Civ. P. 12(b)(6)....................................................................................3, 4
Fed. R. Civ. P. 12 (d) .........................................................................................4

## OTHER

*Pennsylvania v. John R. Zimmerman*
  Case No. CP-22-CR-2524 (Dauphin Cty. CCP 2010).........................................7

Defendants, through counsel, hereby file this brief in support of their Motion to Dismiss the Complaint/Motion for Summary Judgment (Doc. 15). The Court should dismiss the complaint because it fails to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff Zimmerman was included in a group of legislators from the Pennsylvania House Republican Caucus who were the target of an investigation and prosecution, commonly referred to as "Computergate", into public corruption in the Legislature spanning multiple years. The lead Computergate defendant was John Perzel, who was Speaker of the House of Representatives from 2003 through 2006. Zimmerman was a member of Perzel's staff. Computergate was the product of a continuing investigation from a prior wave of prosecutions commonly referred to as "Bonusgate."

The criminal charges were the product of a Grand Jury investigation. The Grand Jury issued a Presentment to recommend that the Attorney General bring various criminal charges against numerous people, including Zimmerman. His charges included hindering apprehension, obstruction, and two counts of criminal conspiracy, which all related to a cover-up of evidence through the movement of boxes containing campaign material from Perzel's Legislative office area at the Capitol. The boxes had been stored outside of, or possibly inside, Zimmerman's

office for some time. Additionally, a phone call was made from Zimmerman's office line regarding moving the boxes out of Perzel's Legislative office.

Before trial, the criminal charges against Zimmerman were Nolle Prossed, or withdrawn by the Commonwealth. Zimmerman now claims that he was maliciously prosecuted, which violated his rights under the Fourth and Fourteenth Amendments and Pennsylvania law. Zimmerman filed a Complaint alleging malicious prosecution (Doc. 1). Defendants filed a motion to dismiss the complaint (Doc. 15). Defendants hereby file this brief in support of that motion.

## STATEMENT OF QUESTIONS INVOLVED

1.     Does the claim of malicious prosecution fail as a matter of law?

2.     Are Defendants immune from suit for actions taken within their prosecutorial duties?

3.     Should Thomas W. Corbett and Linda L. Kelly be dismissed as parties for lack of personal involvement?

4.     Has Zimmerman failed to allege that Fiore and Speaks initiated a criminal proceeding against him?

5.     Does sovereign immunity bar Zimmerman's claims under Pennsylvania law?

## STANDARD OF REVIEW

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Fed.R.Civ.P. 12(b)(6); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). In considering a motion to dismiss under Federal "Rule of Civil Procedure 12(b)(6), the Court must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Allegheny Cnty.*, 515 F.3d 224, 231 (3d Cir. 2008)(quoting *Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show [ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* at 679 (quotations omitted).

As the U.S. Supreme Court stated in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citations omitted). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Third Circuit has summarized the *Twombly* pleading standard: "'stating...a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

## <u>MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Federal Rule of Civil Procedure 12(d), the Court may treat this motion as one for summary judgment under Rule 56 and consider matter outside the pleadings. To the extent that the Court needs to consider the attachments included, the conversion of this motion will not prejudice Zimmerman.

Accordingly, Zimmerman has a full opportunity to respond to this motion in his brief in opposition. Further, discovery is not needed on this simple but dispositive issue. Zimmerman would have been provided a copy of all filings and would have had the opportunity to obtain a copy of all transcripts from the criminal court case against him, which also are public records. Therefore, Zimmerman should already have the documentation attached here.

Furthermore, adjudication of this issue is proper prior to discovery. It would be unfair to force Defendants to engage in formal discovery for claims that are clearly barred as a matter of law. Accordingly, to the extent the Court cannot dismiss the complaint based solely on the pleadings, the Court should convert the motion to a Motion for Summary Judgment and enter judgment in Defendants' favor.

## **ARGUMENT**

### I.    **The claim of malicious prosecution fails as a matter of law because two judges found probable cause for the charges against Zimmerman.**

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend IV. To prevail on a Section 1983 malicious prosecution claim, plaintiff must prove that: (1) defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiffs' favor; (3) *the proceeding was initiated without probable cause*; (4) defendant acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5) plaintiffs suffered

a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602 (3d Cir. 2005)(citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003))(emphasis added).

Here, Zimmerman is unable to prove that the criminal proceeding against him was initiated without probable cause. Pennsylvania has stated that "the pretrial process...requires the application of what is known in criminal law as the probable cause standard or a *prima facie* standard." *Pennsylvania v. Jury,* 431 Pa.Super. 129, 139, 636 A.2d 164, 169, *appeal denied,* 537 Pa. 647, 644 A.2d 733 (Pa.Super.Ct. 1993); *see also, Pennsylvania v. Gray,* 322 Pa.Super. 37, 469 A.2d 169 (Pa.Super.Ct. 1983), *affirmed,* 509 Pa. 476, 503 A.2d 921 (Pa. 1985)(asserting that a preliminary hearing in Pennsylvania must establish a *prima facie* case by showing probable cause to believe that a crime has been committed and that a defendant is the offender). "If probable cause is shown to have existed, an absolute defense is established against an action for malicious prosecution, even when express malice is proved." *Meiksin v. Howard Hanna Co.*, 404 Pa.Super. 417, 420, 590 A.2d 1303, 1305 (Pa.Super.Ct. 1991).

At Zimmerman's preliminary hearing, in response to numerous objections about a lack of probable cause against Zimmerman by his counsel, Judge Wenner declared "All right. With respect to the charges against Mr. Zimmerman, I'm going

to hold the list of charges for the Court of Common Pleas. I believe the Commonwealth has met a prima facie burden." (Prelim. Hr'g at 131)[1].

Before trial, Zimmerman then filed a Motion to Quash Information[2] as a pretrial motion to again allege numerous reasons for a lack of probable cause for his charges. By Order dated March 23, 2011, Dauphin County Judge Lewis denied Zimmerman's motion. (Order[3] at 2). Consequently, two judges independently assessed whether probable cause was established to charge Zimmerman, and both judges had found that probable cause indeed had been established. Therefore, since probable cause has been shown to exist, so Zimmerman's claim of malicious prosecution fails.

## II. Defendants are absolutely immune from suit for actions taken within their prosecutorial duties.

Congress did not intend for Section 1983 to abrogate immunities that are well grounded in history and reason. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Certain immunities are so well established that it is presumed that Congress would have specifically abolished them if it had so intended. *Id.* "Most

---

[1] The preliminary hearing transcript from *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment A.

[2] Zimmerman's Omnibus Pretrial Motion, including a "Motion to Quash Information", in *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment B.

[3] Court Order dated March 23, 2011, from *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment C.

public officials are entitled only to qualified immunity[4]." *Id.* However, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial" enjoy absolute immunity. *Id.* at 273. This is known as the "advocative" function. Advocative and prosecutorial conduct is worthy of absolute immunity. *Brown v. Chardo*, No. 11-CV-638, 2012 WL 983553, *5 (M.D.Pa. Mar. 22, 2012). "Advocative" conduct includes acts that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Second Circuit had held that advocative conduct includes "core" functions include acts such as presenting evidence before a grand jury, *Hill v. City of New York*, 45 F.3d 653 (2d Cir. 1995) and advocacy at a preliminary hearing, *Burns v. Reed*, 500 U.S. 478 (1991).

The Third Circuit has held that the "decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir.

---

[4] Qualified immunity protects government officials from damages for liability arising from the performance of their discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In most cases, qualified immunity is sufficient to "protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Butz v. Economou,* 438 U.S. 478, 506 (1978).

1992)(citations omitted). Moreover, absolute immunity protects actions involved in connection with the filing of criminal charges, *Imbler*, 424 U.S. at 431; *LeBlanc v. Stedman*, 483 Fed.Appx. 666, 669, 2012 WL 1528562, *2 (3d Cir. 2012)(citing *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997)), even when done in bad faith. *Shmueli v. New York*, 424 F.3d 231, 238 (2d Cir. Sept.15, 2005). The underlying motivation of prosecutors in filing charges is simply not relevant. *Jennings v. Shuman*, 567 F.2d 1213, 1221-22 (3d Cir. 1977)(citation omitted)("[A] prosecutor is entitled to absolute immunity 'while performing his official duties' as a[n] officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention."). Accordingly, an alleged political motivation does not deprive a prosecutor of absolute immunity. *See Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

Moreover, even a conspiracy involving prosecutors is within a prosecutor's absolute immunity. *See Davis v. Grusemeyer*, 996 F.2d 617, 628 n.20 (3d Cir. 1993)("engaging in a conspiracy to maliciously prosecute does not affect prosecutor's absolute immunity from liability for the damages resulting from the malicious prosecution")(citing *Rose v. Bartle*, 871 F.2d 331, 347 (3d Cir. 1989)), abrogation on other grounds recognized by, *Knight v. Poritz*, 157 Fed.Appx. 481, 487 (3d Cir. 2005); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)("absolute immunity protects a prosecutor from § 1983 liability for virtually all acts,

regardless of motivation, associated with his function as an advocate. This []
include[s] allegedly conspiring to present false evidence at a criminal trial. The fact
that such a conspiracy is certainly not something that is properly within the role of
a prosecutor is immaterial, because '[t]he immunity attaches to his function, not to
the manner in which he performed it.' *Barrett v. United States*, 798 F.2d 565, 573
(2d Cir. 1986)....As much as the idea of a prosecutor conspiring to falsify evidence
disturbs us...we recognize that there is a greater societal goal in protecting the
judicial process by preventing perpetual suits against prosecutors for the
performance of their duties.").

Absolute immunity also protects an alleged failure to disclose exculpatory
evidence; in the Third Circuit, "[i]t is well settled that prosecutors are entitled to
absolute immunity from claims based on their failure to disclose exculpatory
evidence, so long as they did so while functioning in their prosecutorial capacity."
*Yarris v. County of Delaware*, 465 F.3d 129,137 (3d Cir. 2006); *see also Imbler*,
424 U.S. at 431 n.34 ("deliberate withholding of exculpatory information" is
included within the "legitimate exercise of prosecutorial discretion"); *Smith v.
Holtz*, 210 F.3d 186, 199 n.18 (3d Cir.2000)(prosecutor withholding exculpatory
evidence has absolute immunity in Section 1983 action as long as decision was
made while functioning in prosecutorial capacity); *Douris v. Schweiker,* 229
F.Supp.2d 391, 411 (E.D.Pa. 2002)("withholding exculpatory evidence is a quasi-

judicial act protected by absolute immunity"). This even includes withholding evidence post-trial and on appeal. *Yarris,* 465 F.3d at 137.

Even violations of criminal defendants' due process rights do not nullify absolute immunity. *See e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003)("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.").

Finally, absolute prosecutorial immunity depends on "the nature of the function performed, not [on] the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Here, Zimmerman has made a claim of malicious prosecution against all Defendants. To prevail on a Section 1983 malicious prosecution claim, Zimmerman must prove that: (1) *defendant initiated a criminal proceeding*; (2) the criminal proceeding ended in plaintiffs' favor; (3) the proceeding was initiated without probable cause; (4) defendant acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5) plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella*, 407 F.3d at 602 (citing *Marasco*, 318 F.3d at 521)(emphasis added). However, Defendants are absolutely immune from suit for

any actions taken in initiating a criminal proceeding. *See, e.g.*, *Imbler*, 424 U. S. at 431. For all the foregoing reasons, Zimmerman has failed to state a claim of malicious prosecution upon which relief can be granted. Therefore, his claim of malicious prosecution should be dismissed.

### III.   Linda L. Kelly and Thomas W. Corbett should be dismissed as parties due to their lack of personal involvement.[5]

A defendant in a Section 1983 action must have personal involvement in the alleged wrongs. Personal involvement can be shown through proof of personal direction or of actual knowledge and acquiescence in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1980); *Evancho v. Fisher*, 423 F. 3d. 347, 353 (3d Cir.2005)(dismissing complaint that hypothesized Attorney General was personally involved solely on his position as head of the office). Every defendant against whom a suit is brought must be shown to have been involved in the complained of conduct. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976). Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. *Robinson v. Pittsburgh*, 120 F.3d 1286, 1293-94 (3d Cir. 1997).

Accordingly, section 1983 liability cannot be predicated on the operation of *respondeat superior*. *Ashcroft*, 556 U.S. at 676 (rejecting claim that supervisor's

---

[5] Furthermore, there are no allegations that Corbett or Kelly took any actions to initiate a criminal proceeding against Zimmerman. *See DiBella*, 407 F.3d at 602 (citing *Marasco*, 318 F.3d at 521).

mere knowledge of subordinate's discriminatory purpose or action amounts to a violation of the Constitution by the supervisor. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode*, 845 F.2d at 1207-08. Under Section 1983, a supervisor can be held liable for the acts of a subordinate only if he knows that the subordinate is violating someone's rights and fails to act to stop the subordinate from doing so. *Robinson*, 120 F.3d at 1293-94. A supervisory official has no affirmative duty under Section 1983 to take action against an offending subordinate after the fact. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986)(citation omitted). *Rizzo,* 423 U.S. at 371 ("affirmative link" between the injury and each of the defendants' conduct is essential to the showing of causation).

### A.     Linda L. Kelly Must be Dismissed as a Defendant.

Here, there are no alleged actions by Linda L. Kelly in the complaint. Zimmerman alleges that Kelly was degraded by Judge Feudale in an email to Fina. (Doc. 1 at ¶ 104(b)). Additionally, on "May 23, 2011, Linda L. Kelly became the Attorney General for the Commonwealth of Pennsylvania, and became the highest ranking Pennsylvania official with policymaking and decision-making authority to oversee the criminal case against Zimmerman." (*Id.* at ¶ 139). "It is believed and therefore averred that discovery will reveal that Kelly had full knowledge of, and

personal involvement in directing, all aspects of the Zimmerman case." (*Id.* at ¶ 140).

To the contrary, Zimmerman cannot rely on discovery to cure his deficient complaint. The sufficiency of a complaint is governed by its facts therein alleged, so even if future information might be supplied to add factual support for a lack of information, it is irrelevant at this stage. *See Denison v. Kelly*, 759 F.Supp. 199, 201 (M.D.Pa. 1991); *see also Humphrey v. York County Court of Common Pleas,* 640 F.Supp. 1239 (M.D.Pa. 1986). "This approach is consistent with Federal Rule of Civil Procedure 11 which contemplates that a party's attorney will sign the complaint only '*after* reasonable inquiry' establishes that the complaint 'is well grounded in fact and is warranted by existing law....'" (emphasis added). *Denison*, 759 F.Supp. at 201; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."); *McCloskey v. Mueller,* 446 F.3d 262, 271 (1st Cir. 2006)("plaintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have"); *see also Lellock v. Pain, Webber, Jackson & Curtis, Inc.,* No. 81–2104, 1983 WL 1351, at *7 (W.D.Pa. June 29, 1983)("Plaintiff's motion and brief essentially state that he believes he has a claim

[...], and, if given time, he will figure out what that claim is. This is not a permissible approach to obtaining leave to amend....").

Zimmerman has not alleged any personal actions by Kelly, and thus has failed to show that Kelly personally directed any aspect of the prosecution of Zimmerman, or that Kelly had contemporaneous, personal knowledge of the details of the ongoing prosecution and acquiesced in it. *See Evancho*, 423 F.3d at 353. Therefore, the claims against Linda Kelly must be dismissed.

### B.  Thomas W. Corbett Must be Dismissed as a Defendant.

There are no sufficiently alleged actions by Thomas W. Corbett. In the complaint, Corbett "was forced to conduct an investigation into the actions of the Legislature." (Doc. 1 at ¶ 16). "Perzel asked Zimmerman to arrange a meeting with Corbett." (*Id.* at ¶ 17). Corbett was present at the meeting with his Chief of Staff (*Id.* at ¶ 19). "At the time, both Corbett and Perzel intended to run for Governor in 2010." (*Id.* at ¶ 20). Corbett wanted Perzel to back him for Governor in 2010. (*Id.* at ¶ 21). Perzel refused to back Corbett for Governor (*id.* at ¶ 24), but nevertheless agreed to host a fundraiser for Corbett in Philadelphia (*id.* at ¶ 25).

In July of 2008, Corbett announced the filing of criminal charges against twelve Democrats. (*Id.* at ¶ 26). That investigation became an "Achilles heel" for Corbett. (*Id.* at ¶ 27). "Corbett was accused of targeting Democrats in partisan

politics, which threatened his aspirations of becoming Governor." (*Id.* at ¶ 28). "Corbett's Public Corruption Unit" then "turned its sights" to Perzel. (*Id.* at ¶ 29).

"On September 15, 2009, Corbett announced that he was running for Governor." (*Id.* at ¶ 31). "On November 12, 2009, Corbett announced the grand jury presentments and the filing of criminal charges against 10 ranking Republicans, including Perzel, and Perzel's staff, including Zimmerman." (*Id.* at ¶ 31). "The elimination of Perzel's entire team in a single set of arrests cleared the path for Corbett's run for Governor and addressed the claims that Corbett was engaging in partisan politics." (*Id.* at ¶ 33). "Ultimately, a total of 26 lawmakers and staffers from both caucuses were prosecuted as a result of a multiyear public corruption investigation that nearly cost Corbett his run for Governor." (*Id.* at ¶ 39). "Corbett's public corruption probe is now the subject of an investigation' being conducted by Pennsylvania Attorney General Kathleen G. Kane to determine whether Corbett shifted public resources away from the Jerry Sandusky criminal investigation, to the public corruption probe, in the hope of obtaining convictions, to prevent his campaign for Governor from being derailed." (*Id.* at ¶ 40).

Other than planning to run for Governor and releasing press statements regarding the filing of criminal charges, which are insufficient to support a claim of malicious prosecution, Zimmerman has not alleged any personal actions by Corbett. Thus, Zimmerman has failed to show that Corbett personally directed any

aspect of his prosecution, or that Corbett had contemporaneous, personal knowledge of the details of the ongoing prosecution and acquiesced in it. *See Evancho*, 423 F.3d at 353. Therefore, all claims against Corbett must be dismissed.

## IV. Zimmerman has failed to state a claim of malicious prosecution against Anthony J. Fiore and Gary E. Speaks.

To prevail on a Section 1983 malicious prosecution claim, Zimmerman must prove that: (1) *defendant initiated a criminal proceeding*; (2) the criminal proceeding ended in plaintiffs' favor; (3) the proceeding was initiated without probable cause; (4) defendant acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5) plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella*, 407 F.3d at 602 (citing *Marasco*, 318 F.3d at 521) (emphasis added).

Zimmerman does not allege that Speaks initiated a criminal proceeding against him. Speaks was a Special Agent, not a prosecuting attorney. (Doc. 1 at ¶ 11). The alleged acts by Speaks include inspecting boxes (*Id.* at ¶ 78), not videotaping this inspection and not obtaining written or recorded statements from people who observed this inspection (*Id.* at ¶ 79), and testified as a Grand Jury witness and answered the questions asked by counsel. (*Id.* at ¶¶ 109(b)(iii),(iv), 133). As such, Zimmerman fails to allege that Speaks initiated a criminal proceeding against him. Therefore, all claims against Speaks should be dismissed.

Similarly, Fiore was a Special Agent, not a prosecuting attorney. (*Id.* at ¶ 10). He assisted in interviewing Mark Miller, Director of Messenger Services. (*Id.* at ¶ 80). Fiore was advised by Miller that he did not recall going to Room B-2 and the HRCC during the week of February 25, 2008. (*Id.* at ¶ 84). Fiore testified as a Grand Jury witness and answered the questions asked by counsel. (*Id.* at ¶ 107(a), 108(d)(i),(ii), 109(d)(ii),(iii),f(vii)). Fiore signed the criminal complaint and affidavit of probable cause. (*Id.* at ¶ 116). However, Zimmerman does not allege that Fiore misled the prosecution into initiating the criminal proceeding against him or failed to disclose "all the fruits" of his investigation to the prosecution. *See, e.g.*, *Mutual Medical Plans, Inc. v. County of Peoria*, 309 F.Supp.2d 1067, 1081 (C.D.Ill. 2004). Therefore, all claims against Fiore should be dismissed.

## V.     Sovereign immunity bars Zimmerman's claim under Pennsylvania law.

As employees of the Commonwealth, all defendants are entitled to sovereign immunity from state law claims except in nine narrow categories of negligence cases where immunity has been waived by the legislature. *See* 42 Pa.C.S. § 8522(b).[6] In addition, courts have consistently found state employees immune even from intentional torts. *See Pickering v. Sacavage*, 642 A.2d 555 (Pa.Cmwlth.

---

[6] The nine categories of cases for which immunity has been waived are vehicle liability; medical-professional liability; care, custody and control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody and control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa.C.S. § 8522(b).

Ct.1994), *appeal denied*, 652 A.2d 841 (Pa. 1994); *LaFrankie v. Miklich*, 618 A.2d 1145 (Pa.Cmwlth.Ct. 1992). *See also Stone v. Felsman*, No. 10-CV-442, 2011 WL 5320738, at *10-11 (M.D.Pa. Nov. 1, 2011)(sovereign immunity bars state law claims of assault, battery, false arrest, false imprisonment, and malicious prosecution); *Benkoski v. Wasilewski*, 2007 WL 2670265, at *6 (M.D.Pa. Sept. 7, 2007)(Commonwealth employees are immune from even state law constitutional claims).

Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d 403, 420 (M.D.Pa. 2008)(quoting *Maute v. Frank*, 657 A.2d 985, 986 (Pa.Super.Ct. 1995)). "Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; [and] it is actuated, at least in part, by a purpose to serve the employer." *Larsen*, 553 F.Supp.2d at 420 (quoting *Velykis v. Shannon*, C.A. No. 1:06-CV-0124, 2006 WL 3098025, at *3-4 (M.D.Pa. Oct. 30, 2006)).

At all times relevant to this case, Defendants were employees of the Commonwealth, Office of Attorney General. (Doc. 1 at ¶ 5-11). Further, all of Plaintiffs' allegations regarding Defendants are of a kind and nature that they were

employed to perform. All the alleged actions were taken within Defendants' capacity and job duties for the Office of Attorney General, during normal work hours. As such, sovereign immunity bars the state law claim in Count II.

## **CONCLUSION**

For all the foregoing reasons, the Court should dismiss the Complaint against Defendants.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-2788** |
| **v.** | : | |
| | : | **Honorable Yvette Kane** |
| **THOMAS W. CORBETT, LINDA L.** | : | |
| **KELLY, FRANK G. FINA, K.** | : | |
| **KENNETH BROWN, MICHAEL A.** | : | **Electronically Filed Document** |
| **SPROW, ANTHONY J. FIORE AND** | : | |
| **GARY E. SPEAKS,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief contains 4,750 words within the meaning of

Local Rule 7.8(b)(2). In making this certificate, I have relied on the word count of

the word processing system used to prepare the brief.

*s/Lindsey A. Bierzonski*
**Lindsey A. Bierzonski**
Deputy Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-2788** |
| **v.** | : | |
| | : | **Honorable Yvette Kane** |
| **THOMAS W. CORBETT, LINDA L.** | : | |
| **KELLY, FRANK G. FINA, K.** | : | |
| **KENNETH BROWN, MICHAEL A.** | : | **Electronically Filed Document** |
| **SPROW, ANTHONY J. FIORE AND** | : | |
| **GARY E. SPEAKS,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bierzonski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 24, 2014, I caused to be served a true and correct copy of the foregoing document titled Defendant's Brief in Support of their Motion to Dismiss Complaint/Motion for Summary Judgment to the following:

**VIA ECF:**

**Devon M. Jacob**
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837
djacob@jacoblitigation.com
*Counsel for Plaintiff*

*s/Lindsey A. Bierzonski*
**Lindsey A. Bierzonski**
Deputy Attorney General