# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. ZIMMERMAN, | : | |
| Plaintiff | : | |
| | : | No. 1:13-cv-2788 |
| v. | : | |
| | : | Honorable Yvette Kane |
| THOMAS W. CORBETT, LINDA L. | : | |
| KELLY, FRANK G. FINA, K. | : | |
| KENNETH BROWN, MICHAEL A. | : | Electronically Filed Document |
| SPROW, ANTHONY J. FIORE AND | : | |
| GARY E. SPEAKS, | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

Respectfully submitted,

KATHLEEN G. KANE
Attorney General

By:   *s/Lindsey A. Bierzonski*
LINDSEY A. BIERZONSKI
Deputy Attorney General
Attorney ID #308158

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 772-3561
Fax:    (717) 772-4526
lbierzonski@attorneygeneral.gov
tkeating@attorneygeneral.gov

*s/Timothy P. Keating*
TIMOTHY P. KEATING
Senior Deputy Attorney General
Attorney ID #44874

GREGORY R. NEUHAUSER
Chief Deputy Attorney General
Chief, Civil Litigation Section

Date:  June 4, 2014

*Counsel for Defendants Brown, Corbett, Fiore, Speaks & Sprow*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ii

PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................... 1

STATEMENT OF QUESTIONS INVOLVED ............................................... 2

STANDARD OF REVIEW .............................................................................. 3

ARGUMENT ................................................................................................... 5

I.   The claim of malicious prosecution fails as a matter of law
     because two judges found probable cause for the charges
     against Zimmerman ................................................................................ 5

II.  Defendants are absolutely immune from suit for actions taken
     within their prosecutorial duties ........................................................... 7

III. Linda L. Kelly and Thomas W. Corbett should be dismissed as
     parties due to their lack of personal involvement ................................. 12

     A.   Linda L. Kelly should be dismissed as a Defendant ........................ 13

     B.    Thomas W. Corbett should be dismissed as a Defendant ................ 15

IV.  Zimmerman has failed to state a claim of malicious prosecution
     against Anthony J. Fiore and Gary E. Speaks ...................................... 17

V.   Sovereign immunity bars Zimmerman's claim under
     Pennsylvania Law .................................................................................. 19

CONCLUSION .............................................................................................. 21

Certificate of Word Count

Certificate of Service

## TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*
  556 U.S. 662, 678 (2009) ............................................................*passim*

*Baraka v. McGreevey*
  481 F.3d 187, 195 (3d Cir.2007) ...........................................3, 13, 16

*Barrett v. United States*
  798 F.2d 565, 573 (2d Cir. 1986) ...................................................... 10

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 555 (2007) ............................................................*passim*

*Benkoski v. Wasilewski*
  2007 WL 2670265, at *6 (M.D.Pa. Sept. 7, 2007) ............................. 19

*Bernard v. County of Suffolk*
  356 F.3d 495, 502 (2d Cir. 2004) ....................................................... 9

*Brady v. Maryland*
  373 U.S. 83, 87 (1963) ...................................................................... 11

*Broam v. Bogan*
  320 F.3d 1023, 1030 (9th Cir. 2003) ................................................. 11

*Brown v. Chardo*
  No. 11-CV-638, 2012 WL 983553, *5 (M.D.Pa. Mar. 22, 2012) ....................... 8

*Buck v. Hampton Twp. Sch. Dist.*
  452 F.3d 256, 260 (3d Cir.2006) ......................................................... 7

*Buckley v. Fitzsimmons*
  509 U.S. 259, 268 (1993) .................................................................... 7

*Burns v. Reed*
  500 U.S. 478 (1991) ............................................................................ 8

i

*Butz v. Economou*
    438 U.S. at 506 (1978) .......................................................................................... 8

*Chinchello v. Fenton*
    805 F.2d 126, 133 (3d Cir.1986) ....................................................................... 13

*Conley v. Gibson*
    355 U.S. 41, 47 (1957) ......................................................................................... 5

*Davis v. Grusemeyer*
    996 F.2d 617, 628 n.20 (3d Cir. 1993) ................................................................ 9

*Denison v. Kelly*
    759 F.Supp. 199, 201 (M.D.Pa. 1991) .................................................... 14, 15, 17

*DiBella v. Borough of Beachwood*
    407 F.3d 599, 602 (3d Cir. 2005) ....................................................... 6, 11, 12, 18

*Dory v. Ryan*
    25 F.3d 81, 83 (2d Cir. 1994) ............................................................................... 9

*Douris v. Schweiker*
    229 F.Supp.2d 391, 411 (E.D.Pa. 2002) ........................................................... 10

*Estate of Smith v. Marasco*
    318 F.3d 497, 521 (3d Cir. 2003) ......................................................... 11, 12, 18

*Evancho v. Fisher*
    423 F.3d. 347, 353 (3d Cir.2005) ......................................................... 12, 14, 17

*Forrester v. White*
    484 U.S. 219, 229 (1988) .................................................................................. 11

*Harlow v. Fitzgerald*
    457 U.S. at 818 (1982) .......................................................................................... 8

*Hill v. City of New York*
    45 F.3d 653 (2d Cir. 1995) .................................................................................. 8

*Hishon v. King & Spalding*
   467 U.S. 69, 73 (1984) ........................................................................................ 3

*Humphrey v. York County Court of Common Pleas*
   640 F.Supp. 1239 (M.D.Pa. 1986) ............................................................... 14, 17

*Imbler v. Pachtman*
   424 U.S. 409, 430-31 (1976) ............................................................... 8, 9, 10, 12

*Jennings v. Shuman*
   567 F.2d 1213, 1221-22 (3d Cir. 1977) ................................................................ 9

*Kalina v. Fletcher*
   522 U.S. 118, 129 (1997) ..................................................................................... 9

*Kaylor v. Fields*
   661 F.2d 1177, 1184 (8th Cir. 1981) .................................................................. 15

*Kulwicki v. Dawson*
   969 F.2d 1454, 1463-64 (3d Cir. 1992) ............................................................... 8

*LaFrankie v. Miklich*
   618 A.2d 1145 (Pa.Cmwlth.Ct. 1992) ............................................................... 19

*Larsen v. State Employees' Retirement System*
   553 F.Supp.2d 403, 420 (M.D.Pa. 2008) ........................................................... 20

*LeBlanc v. Stedman*
   483 Fed.Appx. 666, 669, 2012 WL 1528562, *2 (3d Cir. 2012) ........................ 9

*Lellock v. Pain, Webber, Jackson & Curtis, Inc.*
   No. 81–2104, 1983 WL 1351, at *7 (W.D.Pa. June 29, 1983) ........................... 15

*Maute v. Frank*
   657 A.2d 985, 986 (Pa.Super.Ct. 1995) ............................................................. 20

*McCloskey v. Mueller*
   446 F.3d 262, 271 (1st Cir. 2006) ...................................................................... 15

*Meiksin v. Howard Hanna Co.*
  404 Pa.Super. 417, 420, 590 A.2d 1303, 1305 (Pa.Super.Ct. 1991) ................... 6

*Mutual Medical Plans, Inc. v. County of Peoria*
  309 F.Supp.2d 1067, 1081 (C.D.Ill. 2004) ....................................................... 19

*Pennsylvania v. Gray*
  322 Pa.Super. 37, 469 A.2d 169 (Pa.Super.Ct. 1983),
  affirmed, 509 Pa. 476, 503 A.2d 921 (Pa. 1985) .................................................. 6

*Pennsylvania v. Jury*
  431 Pa.Super. 129, 139, 636 A.2d 164, 169,
  appeal denied, 537 Pa. 647, 644 A.2d 733 (Pa.Super.Ct. 1993) ......................... 6

*Phillips v. Allegheny Cnty.*
  515 F.3d 224, 231 (3d Cir. 2008) ................................................................... 3, 5

*Pickering v. Sacavage*
  642 A.2d 555 (Pa.Cmwlth. Ct.1994),
  *appeal denied*, 652 A.2d 841 (Pa. 1994) ........................................................ 19

*Ransom v. Marrazzo*
  848 F.2d 398, 401 (3d Cir. 1988) ...................................................................... 3

*Rizzo v. Goode*
  423 U.S. 362, 372 (1976) ............................................................................ 12, 13

*Robinson v. Pittsburgh*
  120 F.3d 1286, 1293-94 (3d Cir. 1997) ....................................................... 12, 13

*Rode v. Dellarciprete*
  845 F.2d 1195, 1207 (3d Cir. 1980) ............................................................ 12, 13

*Rose v. Bartle*
  871 F.2d 331, 347 (3d Cir. 1989) ...................................................................... 9

*Shmueli v. New York*
  424 F.3d 231, 238 (2d Cir. Sept.15, 2005) ....................................................... 9

*Smith v. Holtz*
   210 F.3d 186, 199 n.18 (3d Cir.2000) ............................................................. 10

*Stone v. Felsman*
   No. 10-CV-442, 2011 WL 5320738, at *10-11 (M.D.Pa. Nov. 1, 2011)........... 19

*Velykis v. Shannon*
   C.A. No. 1:06-CV-0124, 2006 WL 3098025,
   at *3-4 (M.D.Pa. Oct. 30, 2006) ....................................................................... 20

*Yarris v. County of Delaware*
   465 F.3d 129,137 (3d Cir. 2006) ................................................................. 10, 11

**STATUTES**

42 Pa.C.S. § 8522(b) ................................................................................................ 19

**RULES**

Fed. R. Civ. P. 8(a)(2).......................................................................................... 4, 5
Fed. R. Civ. P. 12(b)(6).......................................................................................... 3, 4

**OTHER**

*Pennsylvania v. John R. Zimmerman*
   Case No. CP-22-CR-2524 (Dauphin Cty. CCP 2010)......................................... 7

Defendants, through counsel, hereby file this brief in support of their Motion to Dismiss the Amended Complaint (Doc. 20). The Court should dismiss the amended complaint because it fails to state a claim upon which relief can be granted.

## **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Plaintiff Zimmerman was included with legislators from the Pennsylvania House Republican Caucus who were the target of an investigation and prosecution, commonly referred to as "Computergate", which spanned multiple years. John Perzel, the lead Computergate defendant was Speaker of the House from 2003 - 2006. Zimmerman was a member of Perzel's staff. Computergate was the product of a continuing investigation from a prior wave of prosecutions known as "Bonusgate."

Criminal charges resulted from a Grand Jury investigation. The Grand Jury issued a Presentment to recommend that the Attorney General bring criminal charges against numerous people, including Zimmerman. His charges included hindering apprehension, obstruction, and criminal conspiracy relating to a cover-up of evidence through the movement of boxes containing campaign material from Perzel's Legislative office. The boxes were stored near or in Zimmerman's office for some time. Additionally, a phone call was made from Zimmerman's office line regarding moving the boxes out of Perzel's Legislative office.

1

Before trial, the charges against Zimmerman were Nolle Prossed. Zimmerman's Amended Complaint (Doc. 20) alleges he was maliciously prosecuted, in violation of the Fourth and Fourteenth Amendments and Pennsylvania law. Defendants filed a motion to dismiss the amended complaint (Doc. 21). This brief supports that motion.

## STATEMENT OF QUESTIONS INVOLVED

1.     Does the claim of malicious prosecution fail as a matter of law?

2.     Are Defendants immune from suit for actions taken within their prosecutorial duties?

3.     Should Thomas W. Corbett and Linda L. Kelly be dismissed as parties for lack of personal involvement?

4.     Has Zimmerman failed to allege that Fiore and Speaks initiated a criminal proceeding against him?

5.     Does sovereign immunity bar Zimmerman's claims under Pennsylvania law?

## **STANDARD OF REVIEW**

Dismissal of a complaint for failure to state a claim is appropriate where it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Fed.R.Civ.P. 12(b)(6); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). In considering a motion to dismiss, the Court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Allegheny Cnty.*, 515 F.3d 224, 231 (3d Cir. 2008). The tenet that a court must accept as true all of the allegations contained in a complaint is not applicable to legal conclusions; threadbare recitals of the elements of a cause of action, supported by mere labels and conclusions do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555); *accord, e.g., Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.")

(citations omitted). Consequently, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw77 the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citations and quotations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show [ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* at 679.

As the U.S. Supreme Court stated in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

The Third Circuit has summarized the *Twombly* pleading standard: "'stating...a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

Additionally, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show [ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008).

## ARGUMENT

**I.     The claim of malicious prosecution fails as a matter of law because two judges found probable cause for the charges against Zimmerman.**

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend IV. To prevail on a Section 1983 malicious prosecution claim, plaintiff must prove that: (1) defendant initiated a criminal

proceeding; (2) the criminal proceeding ended in plaintiffs' favor; (3) *the proceeding was initiated without probable cause*; (4) defendant acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5) plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602 (3d Cir. 2005).

Zimmerman is unable to prove that the criminal proceeding against him was initiated without probable cause. Pennsylvania has stated that "the pretrial process...requires the application of what is known in criminal law as the probable cause standard or a *prima facie* standard." *Pennsylvania v. Jury,* 431 Pa.Super. 129, 139, 636 A.2d 164, 169, appeal denied, 537 Pa. 647, 644 A.2d 733 (Pa.Super.Ct. 1993); *see also, Pennsylvania v. Gray,* 322 Pa.Super. 37, 469 A.2d 169 (Pa.Super.Ct. 1983), *affirmed,* 509 Pa. 476, 503 A.2d 921 (Pa. 1985)(asserting that a preliminary hearing in Pennsylvania must establish a *prima facie* case by showing probable cause to believe that a crime has been committed and that a defendant is the offender). "If probable cause is shown to have existed, an absolute defense is established against an action for malicious prosecution, even when express malice is proved." *Meiksin v. Howard Hanna Co.*, 404 Pa.Super. 417, 420, 590 A.2d 1303, 1305 (Pa.Super.Ct. 1991).

At Zimmerman's preliminary hearing, in response to numerous objections about a lack of probable cause against Zimmerman by his counsel, Judge Wenner found that the Commonwealth met its prima facie burden. (Prelim. Hr'g at 131)[1]. Before trial, Zimmerman then filed a Motion to Quash Information[2] as a pretrial motion to again allege numerous reasons for a lack of probable cause. On March 23, 2011, Dauphin County Judge Lewis denied Zimmerman's motion. (Order[3] at 2). Consequently, two judges independently found that probable cause existed, and both found that probable cause had been established. Because probable cause was established, Zimmerman's claim for malicious prosecution fails and should be dismissed.

## II.    Defendants are absolutely immune from suit for actions taken within their prosecutorial duties.

Congress did not intend for Section 1983 to abrogate immunities that are well grounded in history and reason. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Certain immunities are so well established that it is presumed that

---

[1] The preliminary hearing transcript from *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment A.  Judicial notice of public records outside the pleadings is permitted on motions to dismiss. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.2006).

[2] Zimmerman's Omnibus Pretrial Motion, including a "Motion to Quash Information", in *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment B.

[3] Court Order dated March 23, 2011, from *Pennsylvania v. John R. Zimmerman, et al.*, CP-22-CR-2524-2010, is included as Attachment C.

Congress would have specifically abolished them if it had so intended. *Id.* "Most public officials are entitled only to qualified immunity[4]." *Id.* However, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial" enjoy absolute immunity. *Id.* at 273. This is known as the "advocative" function. Advocative and prosecutorial conduct is worthy of absolute immunity. *Brown v. Chardo*, No. 11-CV-638, 2012 WL 983553, *5 (M.D.Pa. Mar. 22, 2012). "Advocative" conduct includes acts that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Second Circuit had held that advocative conduct includes "core" functions include acts such as presenting evidence before a grand jury, *Hill v. City of New York*, 45 F.3d 653 (2d Cir. 1995) and advocacy at a preliminary hearing, *Burns v. Reed*, 500 U.S. 478 (1991).

The Third Circuit has held that the "decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any

---

[4] Qualified immunity protects government officials from damages for liability arising from the performance of their discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In most cases, qualified immunity is sufficient to "protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Butz v. Economou,* 438 U.S. 478, 506 (1978).

wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992)(citations omitted). Moreover, absolute immunity protects actions involved in connection with the filing of criminal charges, *Imbler*, 424 U.S. at 431; *LeBlanc v. Stedman*, 483 Fed.Appx. 666, 669, 2012 WL 1528562, *2 (3d Cir. 2012)(citing *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)), even when done in bad faith. *Shmueli v. New York*, 424 F.3d 231, 238 (2d Cir. Sept.15, 2005). The underlying motivation of prosecutors in filing charges is simply not relevant. *Jennings v. Shuman*, 567 F.2d 1213, 1221-22 (3d Cir. 1977)(citation omitted)("[A] prosecutor is entitled to absolute immunity 'while performing his official duties' as a[n] officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention."). Accordingly, even an alleged political motivation does not deprive a prosecutor of absolute immunity. *See Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

Moreover, even a conspiracy involving prosecutors is within a prosecutor's absolute immunity. *See Davis v. Grusemeyer*, 996 F.2d 617, 628 n.20 (3d Cir. 1993)("engaging in a conspiracy to maliciously prosecute does not affect prosecutor's absolute immunity from liability for the damages resulting from the malicious prosecution")(citing *Rose v. Bartle*, 871 F.2d 331, 347 (3d Cir. 1989)); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)("absolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation,

9

associated with his function as an advocate. This [] include[s] allegedly conspiring to present false evidence at a criminal trial. The fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because '[t]he immunity attaches to his function, not to the manner in which he performed it.' *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986)....As much as the idea of a prosecutor conspiring to falsify evidence disturbs us...we recognize that there is a greater societal goal in protecting the judicial process by preventing perpetual suits against prosecutors for the performance of their duties.").

Absolute immunity also protects an alleged failure to disclose exculpatory evidence; in the Third Circuit, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris v. County of Delaware*, 465 F.3d 129,137 (3d Cir. 2006); *see also Imbler*, 424 U.S. at 431 n.34 ("deliberate withholding of exculpatory information" is included within the "legitimate exercise of prosecutorial discretion"); *Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir.2000)(prosecutor withholding exculpatory evidence has absolute immunity in Section 1983 action as long as decision was made while functioning in prosecutorial capacity); *Douris v. Schweiker,* 229 F.Supp.2d 391, 411 (E.D.Pa. 2002)("withholding exculpatory evidence is a quasi-

judicial act protected by absolute immunity"). This even includes withholding evidence post-trial and on appeal. *Yarris,* 465 F.3d at 137.

Even violations of criminal defendants' due process rights do not nullify absolute immunity. *See e.g.*, *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003)("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.").

Finally, absolute prosecutorial immunity depends on "the nature of the function performed, not [on] the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Here, Zimmerman has made a claim of malicious prosecution against all Defendants. To prevail on a Section 1983 malicious prosecution claim, Zimmerman must prove that: (1) *defendant initiated a criminal proceeding*; (2) the criminal proceeding ended in plaintiffs' favor; (3) the proceeding was initiated without probable cause; (4) defendant acted maliciously or for a purpose other than bringing plaintiffs to justice; and (5) plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella*, 407 F.3d at 602 (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (emphasis added). However, Defendants are

absolutely immune from suit for any actions taken in initiating a criminal proceeding. *See, e.g.*, *Imbler*, 424 U. S. at 431. Zimmerman has failed to state a claim of malicious prosecution. Therefore, the malicious prosecution claim should be dismissed.

### III.  Linda L. Kelly and Thomas W. Corbett should be dismissed as parties due to their lack of personal involvement.[5]

A defendant in a Section 1983 action must have personal involvement in the alleged wrongs. Personal involvement can be shown through proof of personal direction or of actual knowledge and acquiescence in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1980); *Evancho v. Fisher*, 423 F. 3d. 347, 353 (3d Cir.2005)(dismissing complaint that hypothesized Attorney General was personally involved solely on his position as head of the office). Every defendant against whom a suit is brought must be shown to have been involved in the complained of conduct. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976). Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. *Robinson v. Pittsburgh*, 120 F.3d 1286, 1293-94 (3d Cir. 1997).

Section 1983 liability cannot be based on respondeat superior. *Ashcroft*, 556 U.S. at 676 (rejecting claim that supervisor's mere knowledge of subordinate's

---

[5] Furthermore, there are no allegations that Corbett or Kelly took any actions to initiate a criminal proceeding against Zimmerman. *See DiBella*, 407 F.3d at 602 (citing *Marasco*, 318 F.3d at 521).

discriminatory purpose or action amounts to a violation of the Constitution by the supervisor. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode*, 845 F.2d at 1207-08. Under Section 1983, a supervisor can be held liable for the acts of a subordinate only if he knows that the subordinate is violating someone's rights and fails to act to stop the subordinate from doing so. *Robinson*, 120 F.3d at 1293-94. A supervisory official has no affirmative duty under Section 1983 to take action against an offending subordinate after the fact. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir.1986)(citation omitted). *Rizzo,* 423 U.S. at 371 ("affirmative link" between the injury and each of the defendants' conduct is essential to the showing of causation).

### A.    Linda L. Kelly should be dismissed as a Defendant.

There are only factual and legal conclusions with no actual alleged acts by Linda L. Kelly. Zimmerman alleges conclusions such as Kelly "had actual knowledge of, directed, and acquiesced in, the Zimmerman investigation and the conduct of their Co-defendants related to same", "contemporaneous knowledge of the details…", and "an appreciable opportunity to intervene…." (Doc. 20 ¶¶ 87-90, 150). These conclusions are insufficient to show entitlement to relief. *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555); *accord, e.g., Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007) (stating that the court is not "compelled to accept

unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.").

The only non-conclusory statements include that Kelly was degraded by Judge Feudale in an email to Fina. (Doc. 20 ¶ 110(b)). Additionally, on "May 23, 2011, Linda L. Kelly became the Attorney General for the Commonwealth of Pennsylvania, and became the highest ranking Pennsylvania official with policymaking and decision-making authority to oversee the criminal case against Zimmerman." (*Id.* ¶ 149). Therefore, the Amended Complaint (Doc. 20) contains no allegations of any personal actions by Kelly or that Kelly had contemporaneous, personal knowledge of the details of the ongoing prosecution and acquiesced in it. *See Evancho*, 423 F.3d at 353. Accordingly, claims against Kelly should be dismissed.

Furthermore, Zimmerman cannot rely on anticipated discovery to cure his deficient complaint. The sufficiency of a complaint is governed by the facts alleged therein, so even if future information might be supplied to add factual support for a lack of information, it is irrelevant at this stage. *See Denison v. Kelly*, 759 F.Supp. 199, 201 (M.D.Pa. 1991); *see also Humphrey v. York County Court of Common Pleas,* 640 F.Supp. 1239 (M.D.Pa. 1986). "This approach is consistent with Federal Rule of Civil Procedure 11 which contemplates that a party's attorney will sign the complaint only '*after* reasonable inquiry' establishes that the complaint 'is

well grounded in fact and is warranted by existing law...." (emphasis added). *Denison*, 759 F.Supp. at 201; *see also Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."); *McCloskey v. Mueller,* 446 F.3d 262, 271 (1st Cir. 2006)("plaintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have"); *see also Lellock v. Pain, Webber, Jackson & Curtis, Inc.,* No. 81–2104, 1983 WL 1351, at *7 (W.D.Pa. June 29, 1983)("Plaintiff's motion and brief essentially state that he believes he has a claim [...], and, if given time, he will figure out what that claim is. This is not a permissible approach to obtaining leave to amend...."). Therefore, the claims against Linda Kelly should be dismissed.

## B. Thomas W. Corbett should be dismissed as a Defendant.

Likewise, the Amended Complaint (Doc. 20) fails to contain sufficient acts by Thomas W. Corbett. As against Corbett, the Amended Complaint contains the following allegations:

- Corbett "had actual knowledge of, directed, and acquiesced in, the Zimmerman investigation and the conduct of their Co-defendants related to same", "contemporaneous knowledge of the details…", and "an appreciable opportunity to intervene…." (Doc. 20 ¶¶ 87-90, 150).

- Corbett knowingly wrongfully communicated to the world that Zimmerman engaged in criminal conduct. (*Id.* ¶ 118).

15

- Corbett "was forced to conduct an investigation into the actions of the Legislature." (Doc. 20 ¶ 16).

- "Perzel asked Zimmerman to arrange a meeting with Corbett." (*Id.* ¶ 17). Corbett was present at the meeting with his Chief of Staff (*Id.* ¶ 19). "At the time, both Corbett and Perzel intended to run for Governor in 2010." (*Id.* ¶ 20). Corbett wanted Perzel to back him for Governor in 2010. (*Id.* ¶ 22). Perzel refused to back Corbett for Governor (*id.* ¶ 24), but nevertheless agreed to host a fundraiser for Corbett in Philadelphia (*id.* ¶ 25). "Corbett announced that he was running for Governor." (*Id.* ¶ 31).

- Corbett announced the filing of criminal charges against twelve Democrats. (*Id.* ¶ 26).

- "Corbett announced the grand jury presentments and the filing of criminal charges against 10 ranking Republicans, Perzel, and his staff..." including Zimmerman. (*Id.* ¶ 32-33, 116).

- "The elimination of Perzel's entire team in a single set of arrests cleared the path for Corbett's run for Governor and addressed the claims that Corbett was engaging in partisan politics." (*Id.* ¶ 39).

- Finally, Corbett was Attorney General during the Sandusky investigation. (*Id.* ¶ 110(b)).

- "Corbett's public corruption probe is now the subject of an investigation' being conducted by Pennsylvania Attorney General Kathleen G. Kane to determine whether Corbett shifted public resources away from the Jerry Sandusky criminal investigation, to the public corruption probe, in the hope of obtaining convictions, to prevent his campaign for Governor from being derailed." (*Id.* ¶ 40).

Factual and legal conclusions are insufficient to show entitlement to relief. *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555); *accord, e.g., Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007) (stating that the court is not

"compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.").

Excluding the factual and legal conclusions, the Amended Complaint only alleges that Corbett was Attorney General, planned to run for Governor, and released press statements regarding the filing of criminal charges. These facts are insufficient to support a claim of malicious prosecution. Therefore, the Amended Complaint (Doc. 20) contains no allegations of any improper personal actions by Corbett or that he had contemporaneous, personal knowledge of the details of the ongoing prosecution and acquiesced in it. *See Evancho*, 423 F.3d at 353. The sufficiency of a complaint is governed by its facts therein alleged, so even if future information might be supplied to add factual support for a lack of information, it is irrelevant at this stage. *See Denison v. Kelly*, 759 F.Supp. 199, 201 (M.D.Pa. 1991); *see also Humphrey v. York County Court of Common Pleas,* 640 F.Supp. 1239 (M.D.Pa. 1986). Therefore, all claims against Corbett should be dismissed.

**IV.    Zimmerman has failed to state a claim of malicious prosecution against Anthony J. Fiore and Gary E. Speaks.**

To prevail on a Section 1983 malicious prosecution claim, Zimmerman must prove that: (1) *defendant initiated a criminal proceeding*; (2) the criminal proceeding ended in plaintiffs' favor; (3) the proceeding was initiated without probable cause; (4) defendant acted maliciously or for a purpose other than

bringing plaintiffs to justice; and (5) plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella*, 407 F.3d at 602 (citing *Marasco*, 318 F.3d at 521) (emphasis added).

Zimmerman does not allege that Speaks initiated a criminal proceeding against him. Speaks was a Special Agent, not a prosecuting attorney. (Doc. 20 ¶ 11). The alleged acts by Speaks include waiting and then inspecting boxes (*Id.* ¶ 80, 115(b)), not videotaping this inspection and not obtaining written or recorded statements from people who observed this inspection (*Id.* ¶ 81), being included in statements by Fina to the Grand Jury (*id.* ¶ 115(b)-(c)[6]), and testifying as a Grand Jury witness and answering questions asked by counsel. (*Id.* ¶¶ 109(b)(iii),(iv), 133, 142-43). Because Zimmerman fails to allege that Speaks initiated a criminal proceeding against him, all claims against Speaks should be dismissed.

Similarly, Fiore was a Special Agent, not a prosecuting attorney. (*Id.* ¶ 10). He assisted in interviewing Mark Miller, Director of Messenger Services. (*Id.* ¶ 82). Fiore was advised by Miller that he did not recall going to Room B-2 and the HRCC during the week of February 25, 2008. (*Id.* ¶ 86). Fiore testified as a witness and answered the questions asked by counsel. (*Id.* ¶¶ 113, 114(d), 115(d)). Fiore signed the criminal complaint and affidavit of probable cause. (*Id.* ¶¶ 125, 170).

---

[6] The Amended Complaint alleges a factual and legal conclusion that Speaks "confirmed [Fina's] false statement instead of correcting it" to the grand jury with no factual support. (Doc. 20 ¶ 115(c)(iii)). Factual and legal conclusions are insufficient to show entitlement to relief. *Ashcroft, 556 U.S. at 678*.

However, Zimmerman does not allege that Fiore misled the prosecution into initiating the criminal proceeding against him or failed to adequately disclose "all the fruits" of his investigation to the prosecution. *See, e.g.*, *Mutual Medical Plans, Inc. v. County of Peoria*, 309 F.Supp.2d 1067, 1081 (C.D.Ill. 2004). Therefore, all claims against Fiore should be dismissed.

## V.     Sovereign immunity bars Zimmerman's claim under Pennsylvania law.

As Commonwealth employees, all defendants are entitled to sovereign immunity from state law claims except in nine narrow categories of negligence cases where immunity has been waived by the legislature. *See* 42 Pa.C.S. § 8522(b).[7] In addition, courts have consistently found state employees immune even from intentional torts. *See Pickering v. Sacavage*, 642 A.2d 555 (Pa.Cmwlth. Ct.1994), *appeal denied*, 652 A.2d 841 (Pa. 1994); *LaFrankie v. Miklich*, 618 A.2d 1145 (Pa.Cmwlth.Ct. 1992). *See also Stone v. Felsman*, No. 10-CV-442, 2011 WL 5320738, at *10-11 (M.D.Pa. Nov. 1, 2011)(sovereign immunity bars state law claims of assault, battery, false arrest, false imprisonment, and malicious prosecution); *Benkoski v. Wasilewski*, 2007 WL 2670265, at *6 (M.D.Pa. Sept. 7,

---

[7] The nine categories of cases for which immunity has been waived are vehicle liability; medical-professional liability; care, custody and control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody and control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa.C.S. § 8522(b).

2007)(Commonwealth employees are immune from even state law constitutional claims).

Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" *Larsen v. State Employees' Retirement System*, 553 F.Supp.2d 403, 420 (M.D.Pa. 2008)(quoting *Maute v. Frank*, 657 A.2d 985, 986 (Pa.Super.Ct. 1995)). "Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; [and] it is actuated, at least in part, by a purpose to serve the employer." *Larsen*, 553 F.Supp.2d at 420 (quoting *Velykis v. Shannon*, C.A. No. 1:06-CV-0124, 2006 WL 3098025, at *3-4 (M.D.Pa. Oct. 30, 2006)).

At all times relevant to this case, Defendants were employees of the Commonwealth, Office of Attorney General. (Doc. 20 ¶ 5-11). Further, all of Plaintiffs' allegations regarding Defendants are of a kind and nature that they were employed to perform. All the alleged actions were taken within Defendants' capacity and job duties for the Office of Attorney General. As such, sovereign immunity bars the state law claim in Count II.

## <u>CONCLUSION</u>

For the foregoing reasons, the Amended Complaint (Doc. 20) should be dismissed. Despite the fact that Zimmerman has filed an Amended Complaint in order to rectify his failure to allege sufficient facts to support a viable cause of action against any of the Defendants in his original complaint, he still has not provided additional allegations to go forward with any cause of action. Therefore, the Court should dismiss the Amended Complaint (Doc. 20) with prejudice.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN R. ZIMMERMAN,                      :
                              Plaintiff  :
                                         :   No. 1:13-cv-2788
            v.                           :
                                         :   Honorable Yvette Kane
THOMAS W. CORBETT, LINDA L.              :
KELLY, FRANK G. FINA, K.                 :
KENNETH BROWN, MICHAEL A.                :   Electronically Filed Document
SPROW, ANTHONY J. FIORE AND              :
GARY E. SPEAKS,                          :
                            Defendants   :

<u>**CERTIFICATE OF WORD COUNT**</u>

I hereby certify that this brief contains 4,770 words within the meaning of

Local Rule 7.8(b)(2). In making this certificate, I have relied on the word count of

the word processing system used to prepare the brief.


                              *s/Lindsey A. Bierzonski*
                              **Lindsey A. Bierzonski**
                              Deputy Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-2788** |
| **v.** | : | |
| | : | **Honorable Yvette Kane** |
| **THOMAS W. CORBETT, LINDA L.** | : | |
| **KELLY, FRANK G. FINA, K.** | : | |
| **KENNETH BROWN, MICHAEL A.** | : | **Electronically Filed Document** |
| **SPROW, ANTHONY J. FIORE AND** | : | |
| **GARY E. SPEAKS,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bierzonski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 4, 2014, a true and correct copy of the foregoing document titled Defendant's Brief in Support of their Motion to Dismiss the Amended Complaint was served upon the following:

**VIA ECF:**

**Devon M. Jacob**
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837
djacob@jacoblitigation.com
*Counsel for Plaintiff*

> *s/Lindsey A. Bierzonski*
> **Lindsey A. Bierzonski**
> Deputy Attorney General