IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ZIMMERMAN, | : |
| Plaintiff | : |
| | : No. 1:13-cv-2788 |
| v. | : |
| | : Honorable Yvette Kane |
| THOMAS W. CORBETT, LINDA L. KELLY, FRANK G. FINA, K. KENNETH BROWN, MICHAEL A. SPROW, ANTHONY J. FIORE AND GARY E. SPEAKS, | : |
| | : Electronically Filed Document |
| Defendants | : |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants, through counsel, hereby file this reply brief in support of their Motion to Dismiss the Amended Complaint (Doc. 21). The Court should dismiss the amended complaint because it fails to state a claim upon which relief can be granted. Plaintiff has not overcome the arguments in Defendants' Brief in Support (Doc. 24) of this motion, so Defendants only respond to appropriate sections.

**STATEMENT OF QUESTIONS INVOLVED**

1. Does the claim of malicious prosecution fail as a matter of law?

2. Are Defendants immune from suit for actions taken within their prosecutorial duties?

3. Should Thomas W. Corbett and Linda L. Kelly be dismissed as parties for lack of personal involvement?

1

## ARGUMENT

**I.   The claim of malicious prosecution fails as a matter of law because two judges found probable cause for the charges against Zimmerman.**

To prevail on a Section 1983 malicious prosecution claim, among other elements, plaintiff must prove that the criminal proceeding was initiated without probable cause. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602 (3d Cir. 2005). Zimmerman asserts probable cause was not established at his preliminary hearing because the credibility of witnesses who testified was not considered by the court.[1] (Doc. 27 at 8). However, Zimmerman asserts no factual support showing that the court did not consider the credibility of witnesses at his preliminary hearing. First, it is assumed that the judge witnessed the testimony given by the witnesses and was able to question them if he so desired. Second, a review of the preliminary hearing transcript shows that the witnesses were cross-examined by multiple attorneys, and therefore, their credibility was challenged. (Doc. 24-1 at 4, 151).

To establish a prima facie, the court need only determine if there is sufficient evidence to make a prima facie showing that a crime was committed and the defendant was somehow legally responsible. *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 263, 566 A.2d 246, 248 (Pa. 1989). Here, two judges

---

[1] In some situations, courts are precluded from considering the credibility of witnesses called to testify at preliminary hearings. *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 263, 566 A.2d 246, 248 (Pa. 1989).

independently determined that there was probable cause for the charges against Zimmerman. Therefore, the claim of malicious prosecution fails as a matter of law.

## II. Defendants are immune from suit for actions taken within their prosecutorial duties.

Prosecutors are entitled to absolute immunity for "activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior 'intimately associated with the judicial phases' of litigation." *Kulwicki v. Dawson,* 969 F.2d 1454, 1463 (3d Cir. 1992) (*citing Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). Accordingly, a prosecutor's actions in the courtroom are absolutely protected. *Kulwicki,* 969 F.2d at 1463.

Consequently, Zimmerman's allegation that no prosecutorial immunity existed here because it was an investigatory grand jury without the power to indict is without merit. If this assertion were true, then prosecutors would be advocating on behalf of the Commonwealth in front of the grand jury and never have immunity. As Zimmerman concedes, in Pennsylvania, all grand juries lack the power and authority to issue indictments. (Doc. 20, ¶¶ 108-09). Here, the grand jury only recommended charges against Zimmerman, and the prosecutor has absolute protection in deciding whether to institute the criminal charges, *see Imbler,* 424 U.S. at 430–31, and for all prosecutorial activity during grand jury proceedings, probable cause hearings and trial. *Burns,* 500 U.S. at ––––, 111 S.Ct. at 1941.

Zimmerman focuses on Speaks's and Fiore's involvement by asserting that they testified in front of and made assertions to the grand jury. As witnesses, however, they are absolutely immune from civil damages based on their testimony. *See Briscoe v. LaHue,* 460 U.S. 325, 341–46 (1983). This absolute immunity extends to witnesses, including government investigators, who testify before a grand jury. *Rehberg v. Paulk,* 132 S.Ct. 1497, 1505 (2012); *Kulwicki v. Dawson,* 969 F.2d at 1467 n.16. Accordingly, all claims against Speaks and Fiore should be dismissed.

Additionally, contrary to Plaintiff's assertion, deferring a decision on this immunity issue undoubtedly will prejudice the Defendants. The Supreme Court has emphasized the importance of terminating such claims at the pleading stage prior to discovery. *Imbler v. Pachtman,* 424 U.S. at 425 ("[S]uits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor[,]" and "if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law."). Therefore, the issue as to whether defendants are immune from suit for actions taken within their prosecutorial duties should be decided at this stage of the litigation, and should be decided in Defendants' favor.

### III. Linda L. Kelly and Thomas W. Corbett should be dismissed as parties due to their lack of personal involvement.[2]

A defendant in a Section 1983 action must have personal involvement in the alleged wrongs. Personal involvement can be shown through proof of personal direction or of actual knowledge and acquiescence in the alleged constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1980); *Evancho v. Fisher*, 423 F. 3d. 347, 353 (3d Cir. 2005) (dismissing complaint that hypothesized Attorney General was personally involved solely on his position as head of the office). Every defendant against whom a suit is brought must be shown to have been involved in the complained of conduct. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976).

Zimmerman's allegations of personal involvement by the defendants merely cite legal and factual conclusions that make assumptions about the knowledge of the Defendants, such as non-actionable events like public announcements, and events that, even if true, are protected by absolute prosecutorial immunity. There are no allegations of misconduct by Kelly or Corbett.  Accordingly, all claims against Kelly and Corbett should be dismissed.

---

[2] Furthermore, there are no allegations that Corbett or Kelly took any actions to initiate a criminal proceeding against Zimmerman. *See DiBella*, 407 F.3d at 602.

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint (Doc. 20) should be dismissed. Furthermore, given that Zimmerman cannot provide any additional allegations sufficient to go forward with any viable cause of action, the Court should dismiss the action with prejudice.

                          **Respectfully submitted,**

                          **KATHLEEN G. KANE**
                          **Attorney General**

                 **By:**   *s/Lindsey A. Bierzonski*
                          **LINDSEY A. BIERZONSKI**

**Office of Attorney General**      **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID #308158**
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**        *s/Timothy P. Keating*
**Fax:   (717) 772-4526**       **TIMOTHY P. KEATING**
lbierzonski@attorneygeneral.gov  **Senior Deputy Attorney General**
tkeating@attorneygeneral.gov    **Attorney ID #44874**

                          **GREGORY R. NEUHAUSER**
                          **Chief Deputy Attorney General**
                          **Chief, Civil Litigation Section**

**Date: July 17, 2014**            *Counsel for Defendants Brown,*
                                    *Corbett, Fiore, Speaks & Sprow*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** : | |
| Plaintiff : | |
| : | No. 1:13-cv-2788 |
| v. : | |
| : | Honorable Yvette Kane |
| **THOMAS W. CORBETT, LINDA L.** : | |
| **KELLY, FRANK G. FINA, K.** : | |
| **KENNETH BROWN, MICHAEL A.** : | Electronically Filed Document |
| **SPROW, ANTHONY J. FIORE AND** : | |
| **GARY E. SPEAKS,** : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bierzonski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 17, 2014, a true and correct copy of the foregoing document titled Defendant's Reply Brief in Support of their Motion to Dismiss the Amended Complaint was served upon the following:

**VIA ECF:**

**Devon M. Jacob**
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837
djacob@jacoblitigation.com
*Counsel for Plaintiff*

                                            *s/Lindsey A. Bierzonski*
                                            **Lindsey A. Bierzonski**
                                            Deputy Attorney General