# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : |

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR RECONSIDERATION

### Procedural History

On November 14, 2013, Plaintiff filed the instant matter, pursuant to 42 U.S.C. § 1983, seeking damages. On February 24, 2014, the Court issued an Order (Doc. 14), staying the case until the resolution of the then pending motion to dismiss. On May 7, 2014, Plaintiff filed an Amended Complaint (Doc. 20). The Defendants filed a motion to dismiss the Amended Complaint (Docs. 21 & 24). On February 10, 2015, the Court issued an Order granting in part and denying in part the motion to dismiss (Doc. 30).

On March 12, 2015, the Parties filed an Amended Joint Case Management

Plan. On March 17, 2015, the Court conducted a telephonic Case Management Conference wherein Plaintiff sought leave of Court to file the instant motion. On April 28, 2015, Plaintiff filed a motion for reconsideration of the Court's Order dated February 10, 2015 (Doc. 30). This brief is filed in support of Plaintiff's motion.

### Statement of Relevant Facts

When ruling on a motion to dismiss, the Court must accept as true all factual allegations in the Complaint, and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the Plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). Therefore, Plaintiff respectfully refers the Court to the "well-pleaded factual allegations" contained in the Amended Complaint. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### Question Presented

Should the Court reconsider its Order dated February 10, 2015, which is based in part on a clear error of law?

### Argument

**The Court should reconsider its Order dated February 10, 2015, which is based in part on a clear error of law.**

Plaintiff respectfully requests that the Court reconsider its Order, dated

February 10, 2015, granting in part and denying in part the motion to dismiss (Doc. 30). Specifically, it is Plaintiff's contention that the Court's grant of absolute immunity to the prosecutorial Defendants is a clear error of law that if not corrected now, will result in a significant waste of resources that will be spent litigating appeals and possibly the conducting of multiple trials.

Admittedly, motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.

1995)).

It is respectfully submitted that the Court improperly relied on <u>Burns v. Reed</u>, 500 U.S. 478 (1991); <u>Rose v. Bartle</u>, 871 F.2d 331 (3rd Cir. 1989); and <u>Rehberg v. Paulk</u>, 611 F.3d 828 (11th Cir. 2010); instead of on the Supreme Court's decision in <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993). As the Court noted in <u>Buckley</u>,

> The question, then, is whether the prosecutors have carried their burden of establishing that they were functioning as "advocates" when they were endeavoring to determine whether the bootprint at the scene of the crime had been made by petitioner's foot. A careful examination of the allegations concerning the conduct of the prosecutors during the period before they convened a special grand jury to investigate the crime provides the answer. *The prosecutors do not contend that they had probable cause to arrest petitioner or to initiate judicial proceedings during that period. Their mission at that time was entirely investigative in character. A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.*
>
> It was well after the alleged fabrication of false evidence concerning the bootprint that a special grand jury was empaneled. *And when it finally was convened, its immediate purpose was to conduct a more thorough investigation of the crime -- not to return an indictment against a suspect whom there was already probable cause to arrest.* Buckley was not arrested, in fact, until 10 months after the grand jury had been convened and had finally indicted him. Under these circumstances, the prosecutors' conduct occurred well before they could properly claim to be acting as advocates. Respondents have not cited any authority that supports an argument that a prosecutor's fabrication of false evidence during the preliminary investigation of an unsolved crime was immune from liability at common law, either in 1871 or at any date before the enactment of § 1983. It therefore remains

protected only by qualified immunity.

Buckley v. Fitzsimmons, 509 U.S. 259, 274 (1993) (emphasis added and citations removed).

In footnote 8, this Court explained that "Presenting the state's case before Pennsylvania's grand jury is not analogous to the investigative functions normally performed by detectives and police officers. Rather, it is uniquely prosecutorial and within in the realm of activity protected by absolute immunity." Plaintiff respectfully disagrees. See Buckley, 509 U.S. at 274 (Prosecutorial "acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury *after a decision to seek an indictment has been made*.") (emphasis added).

Pennsylvania has investigating grand juries; not indicting grand juries. This distinction is not without a difference. When appearing before the *investigative* grand jury in the instant matter, the prosecutors were *not* seeking an indictment; rather, they were functioning in the capacity as investigators, merely trying to determine if probable cause existed to arrest the Plaintiff and others. See id. at 274 ("And when it finally was convened, *its immediate purpose was to conduct a more*

*thorough investigation of the crime -- not to return an indictment against a suspect whom there was already probable cause to arrest.*") (emphasis added).

In further support of its decision, this Court notes that there is "precedent for the proposition that interviews generating evidence for use in grand jury proceedings may still be an activity protected by absolute immunity." In support of this conclusion, however, the Court cited Rose v. Bartle, 871 F.2d 331 (3rd Cir. 1989), a Third Circuit case decided four years *prior* to the Supreme Court opinion in Buckley, and Burns v. Reed, 500 U.S. 478 (1991), a case also decided prior to Buckley.

Notably, the Court cites Rehberg v. Paulk, 611 F.3d 828 (11th Cir. 2010) (granting motion to dismiss allegations that prosecutors conspired to make up and present false testimony to the grand jury as protected by absolute immunity). Rehberg, however, is distinguishable from the instant matter in that the prosecutors in Rehberg were before an *indicting* grand jury, not an *investigating* grand jury. The Eleventh Circuit's decision in Rehberg is consistent with Buckley, whereas the Court's decision in the instant matter is contrary to the Supreme Court's decision in Buckley.

## Conclusion

Wherefore, it is respectfully requested that the Court reconsider its Order dated February 10, 2015 (Doc. 30), and reverse its grant of absolute immunity to the prosecutorial Defendants.


**Respectfully Submitted,**

_____             **Date:  April 28, 2015**
**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : |
| | : District Judge: Yvette Kane |
| v. | : |
| | : CIVIL ACTION – LAW |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email addresses:

**Lindsey A. Bierzonski, Esquire**
Email: lbierzonski@attorneygeneral.gov

**Timothy P. Keating, Esquire**
Email: tkeating@attorneygeneral.gov

_/s/ Devon M. Jacob_                                                           Date:  April 28, 2015
**DEVON M. JACOB, ESQUIRE**