IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. ZIMMERMAN, | : | |
| Plaintiff | : | |
| | : | No. 1:13-cv-2788 |
| v. | : | |
| | : | Honorable Yvette Kane |
| THOMAS W. CORBETT, LINDA L. KELLY, FRANK G. FINA, K. KENNETH BROWN, MICHAEL A. SPROW, ANTHONY J. FIORE AND GARY E. SPEAKS, | : : : : : | Electronically Filed Document |
| Defendants | : | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants, through counsel, hereby file this brief in opposition to Plaintiff's Motion for Reconsideration (Doc. 38). The Court should deny the motion because there are no manifest errors of law or fact, no newly discovered evidence, and no intervening changes to the controlling law.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff was included with legislators from the Pennsylvania House Republican Caucus who were the target of an investigation and prosecution, commonly referred to as "Computergate", which spanned multiple years. John Perzel, the lead Computergate defendant was Speaker of the House from 2003 -

2006. Plaintiff was a member of Perzel's staff. Computergate was the product of a continuing investigation from a prior wave of prosecutions known as "Bonusgate."

Criminal charges resulted from a Grand Jury investigation. The Grand Jury issued a Presentment to recommend that the Attorney General bring criminal charges against numerous people, including Plaintiff. His charges included hindering apprehension, obstruction, and criminal conspiracy relating to a cover-up of evidence through the movement of boxes containing campaign material from Perzel's Legislative office. The boxes were stored near or in Plaintiff's office for some time. Additionally, a phone call was made from Plaintiff's office line regarding moving the boxes out of Perzel's Legislative office.

Before trial, the charges against Plaintiff were Nolle Prossed. Plaintiff's Amended Complaint (Doc. 20) alleges he was maliciously prosecuted, in violation of the Fourth and Fourteenth Amendments and Pennsylvania law. Defendants filed a motion to dismiss the amended complaint (Doc. 21). On February 10, 2015, the Court granted, in part, the motion to dismiss. (Doc. 30). During a telephonic case management conference on March 17, 2015, Plaintiff indicated his desire to file a motion for reconsideration of the Court's Order dismissing, in part, Plaintiff's claims. On April 28, 2015, Plaintiff filed a motion for reconsideration of the Order with a supporting brief. (Docs. 37-38). Defendants file this brief in opposition to the motion.

## STATEMENT OF QUESTIONS INVOLVED

Should the Plaintiff's motion for reconsideration be denied because there are no manifest errors of law or fact, no newly discovered evidence, and no intervening changes to the controlling law?

## ARGUMENT

Plaintiff's motion for reconsideration should be denied because he has not established a manifest error of law, a change in the controlling law, or any new evidence. A "motion for reconsideration is a device of limited utility; it may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision." *Iseley v. Talaber*, No. 1:CV-05-0444, 2007 WL 2065997 at *2 (M.D. Pa. July 16, 2007) (Kane, C.J.). More recently, the Third Circuit held that the denial of a motion for reconsideration should be reviewed for abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.*

In Plaintiff's brief in support of his motion for reconsideration, the cited legal authorities relied upon include *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) with argument related to prosecutorial immunity with regards to investigative

versus prosecutorial functions, which plaintiff had previously argued in opposition to defendant's motion to dismiss (*Compare* Doc. 39 at 4-6 and Doc. 27 at 12-14) and was addressed by the Court in its Memorandum. (Doc. 29 at 13-15). Therefore, Plaintiff has not identified a need to correct a clear error of law on the part of the Court, an intervening change in the controlling law, or any new evidence to support his claims.

Plaintiff's motion is also untimely. The Court's Order was issued on dated February 10, 2015. Local Rule 7.10 states "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." L.R. 7.10. Plaintiff did not file the instant motion until April 28, 2015. On March 17, 2015, Plaintiff had requested leave of Court during a telephone case management conference to file the motion for reconsideration. Even if it is deemed that Plaintiff was afforded leave of Court during that conference to file the instant motion, Plaintiff still waited over a month after the conference before filing the motion for reconsideration. Accordingly, Plaintiff's motion should be denied as untimely filed. For these reasons, plaintiff is not entitled to reconsideration.

## **CONCLUSION**

For the above-stated reasons, defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration (Doc. 38).

 

**Respectfully submitted,**

**KATHLEEN G. KANE**
**Attorney General**

By: *s/Lindsey A. Bierzonski*
**LINDSEY A. BIERZONSKI**
**Deputy Attorney General**
**Attorney ID #308158**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**       *s/Timothy P. Keating*
**Fax:    (717) 772-4526**       **TIMOTHY P. KEATING**
**lbierzonski@attorneygeneral.gov**   **Senior Deputy Attorney General**
**tkeating@attorneygeneral.gov**       **Attorney ID #44874**

**KENNETH L. JOEL**
**Chief Deputy Attorney General**
**Chief, Civil Litigation Section**

**Date: May 6, 2015**       *Counsel for Defendants Brown,*
*Corbett, Fiore, Speaks & Sprow*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ZIMMERMAN, | : |
| **Plaintiff** | : |
| | : No. 1:13-cv-2788 |
| v. | : |
| | : Honorable Yvette Kane |
| THOMAS W. CORBETT, LINDA L. KELLY, FRANK G. FINA, K. KENNETH BROWN, MICHAEL A. SPROW, ANTHONY J. FIORE AND GARY E. SPEAKS, | : : : Electronically Filed Document : : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, Lindsey A. Bierzonski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 6, 2015, a true and correct copy of the foregoing document titled Defendant's Brief in Opposition to Plaintiff's Motion for Reconsideration was served upon the following:

## VIA ECF:

**Devon M. Jacob**
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837
djacob@jacoblitigation.com
*Counsel for Plaintiff*

                                                               *s/Lindsey A. Bierzonski*
                                                               **Lindsey A. Bierzonski**
                                                               Deputy Attorney General