## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | **: Civil Action No.: 1:13-cv-2788** |
| **Plaintiff,** | **: District Judge: Yvette Kane** |
| | **:** |
| **v.** | **: CIVIL ACTION – LAW** |
| | **: JURY TRIAL DEMANDED** |
| **THOMAS W. CORBETT, et al.,** | **:** |
| **Defendants.** | **:** |

## REPLY BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff is filing this short Reply Brief to respond to the issues raised in the Defendants' brief filed in opposition to this motion.

The Defendants correctly note that Middle District Local Rule 7.10 provides in relevant part that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Undersigned counsel apologizes to the Court and opposing counsel for his apparent oversight of this rule. Frankly, it is the rare occasion that undersigned counsel finds himself in the position of filing a motion for reconsideration, and inadvertently failed to recall that there was a local rule that set

a 14 day deadline.  Therefore, undersigned counsel did not calendar a filing deadline; rather, he simply filed the motion the first free moment that he had in his litigation schedule.  While a rule setting a reasonable filing deadline makes sense to avoid the prejudice that could be suffered if such motions could be filed at any time during the litigation, since the Defendants have not suffered any prejudice as a result of the delay in filing (just as Plaintiff did not suffer prejudice when the Defendants failed to file a timely Answer), undersigned counsel respectfully requests that the Court excuse his inadvertent error.  Excusing undersigned counsel's inadvertent filing delay would further the Third Circuit's stated policy that cases should be decided on the merits.  See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 251 (3d Cir. 1989) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

Plaintiff again respectfully requests that the Court reconsider its Order, dated February 10, 2015, granting in part and denying in part the motion to dismiss (Doc. 30).  As argued more fully in the brief filed in support of this motion, it is respectfully submitted that the Court improperly relied on Burns v. Reed, 500 U.S. 478 (1991); Rose v. Bartle, 871 F.2d 331 (3rd Cir. 1989); and Rehberg v. Paulk, 611 F.3d 828 (11th Cir. 2010); instead of on the Supreme Court's decision in Buckley v.

Fitzsimmons, 509 U.S. 259 (1993).

## Conclusion

Wherefore, it is respectfully requested that the Court reconsider its Order dated February 10, 2015 (Doc. 30), and reverse its grant of absolute immunity to the prosecutorial Defendants.

**Respectfully Submitted,**

_[signature]_                                    **Date:  May 19, 2015**

**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| **Plaintiff,** | : |
| | : **District Judge: Yvette Kane** |
| **v.** | : |
| | : **CIVIL ACTION – LAW** |
| **THOMAS W. CORBETT, et al.,** | : |
| **Defendants.** | : **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email addresses:

**Lindsey A. Bierzonski, Esquire**
Email: lbierzonski@attorneygeneral.gov

**Timothy P. Keating, Esquire**
Email: tkeating@attorneygeneral.gov

_____
**DEVON M. JACOB, ESQUIRE**

**Date:  May 19, 2015**