**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-02788** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **THOMAS W. CORBETT, et al.** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 14, 2013, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that the Defendants maliciously prosecuted him in violation of the Fourth and Fourteenth Amendments. (Doc. No. 1.) Plaintiff later filed an amended complaint on May 7, 2014. (Doc. No. 20.) On May 21, 2014, the Defendants filed a motion to dismiss the complaint. (Doc. No. 21.) In relevant part, the Defendants asked the Court to dismiss the complaint on the grounds that the prosecutorial defendants were protected by absolute prosecutorial immunity. (See Doc. No. 24.) Plaintiff countered that absolute immunity did not apply regarding any of the prosecutorial defendants' actions before the Pennsylvania grand jury, because the Pennsylvania grand jury was "investigative" and did not have the power to issue indictments. (See Doc. No. 27.) On February 10, 2015, the Court granted the motion in part, rejected Plaintiff's argument, and dismissed those allegations that pertain to the activities before the Pennsylvania grand jury as shielded by absolute prosecutorial immunity. (Doc. Nos. 29, 30.)

On April 28, 2015, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. No. 38.) He contends that the Court's finding regarding prosecutorial immunity and the

Pennsylvania grand jury constituted a "clear error of law,"[1] and reiterates that because the

Pennsylvania grand jury was merely an "investigating" grand jury – that is, a grand jury without

the power to indict – the prosecutorial defendants' activity before the jury is not entitled to

absolute prosecutorial immunity under the United States Supreme Court's decision in Buckley v.

Fitzsimmons, 509 U.S. 259, 274 (1993).  (Doc. No. 39.)

      Prosecutors are absolutely immune from civil liability for all activities "intimately

associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409,

430 (1976).  "But a person is not immune from suit for every wrong he commits just because he

happens to be employed as a prosecutor: the inquiry focuses on the nature of the function

performed, not the identity of the actor who performed it." Schneyder v. Smith, 653 F.3d 313,

332 (3d Cir. 2011).  Absolute immunity does not extend to '[a] prosecutor's administrative duties

and those investigatory functions that do not relate to an advocate's preparation for the initiation

of a prosecution or for judicial proceedings.'" Yarris v. Cnty. of Delaware, 465 F.3d 129, 135

(3d Cir. 2006) (quoting Buckley, 509 U.S. at 273).

      The Court will deny Plaintiff's motion.  The Court has already addressed and rejected

Plaintiff's argument.  See Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa.

2001) ("Mere disagreement with the court is a ground for an appeal, not a motion for

---

[1]  A motion for reconsideration "is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have [affected] the court's decision." Pahler v. City of Wilkes-Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001) aff'd, 31 F. App'x 69 (3d Cir. 2002).  District courts "should grant such motions sparingly because of their interest in finality of judgment." Id.

reconsideration.").  Additionally, Plaintiff identifies no clear error of law in the Court's findings and analysis concerning this issue in its original memorandum.  (<u>See</u> Doc. No. 29 at 13-15.) Contrary to Plaintiff's assertion, the Court finds nothing in <u>Buckley</u> to stand for the proposition that prosecutors are not entitled to absolute immunity for their activities before a grand jury, even one, like Pennsylvania's, that apparently does not have the power to issue an indictment. Although the Court will not rehash its entire analysis here (<u>see id.</u>), it reiterates that the <u>Buckley</u> Court, in defining those "investigative" functions for which absolute immunity does not apply to prosecutors, specifically noted that absolute immunity does not apply where prosecutors are performing those investigative functions "normally performed by a detective or police officer." <u>Buckley</u>, 509 U.S. at 273.  However, presenting the state's case before Pennsylvania's grand jury "is not analogous to the investigative functions normally performed by detectives and police officers . . . . [r]ather, it is uniquely prosecutorial and within [] the realm of activity protected by absolute immunity."  (Doc. No. 29 at 15 n.8)

        **ACCORDINGLY**, this 22nd  day of June 2015, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 38) is **DENIED**.

                                        <u>s/ Yvette Kane</u>
                                        Yvette Kane, District Judge
                                        United States District Court
                                        Middle District of Pennsylvania