IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John R. Zimmerman, | : | 1:13-cv-2788 |
|     Plaintiff | : | |
|     v. | : | Judge Kane |
| Thomas W. Corbett, Frank G. Fina, | : | |
| K. Kenneth Brown, Michael A. Sprow, | : | |
| Anthony J. Fiore, and Gary E. Speaks, | : | |
|     Defendants | : | Jury Trial Demanded |

## Motion for Judgment on the Pleadings

Defendants seek judgment on the pleadings:

1.    Plaintiff Zimmerman filed the current action on November 14, 2013, alleging various constitutional violations committed in connection with his arrest and criminal charges in November 2009.

2.    As a result of a ruling by this Court on a Motion to Dismiss, the Court dismissed several of the claims against the Defendants (doc. 29).

3.    Zimmerman's remaining claims are that 1) Defendants threatened witnesses during the investigation phase and before the grand jury proceedings began, 2) Defendants destroyed notes, and 3) Agent Fiore maliciously prosecuted Zimmerman without probable cause.

1

4. Defendants are entitled to qualified immunity on all remaining claims based upon the pleadings.

5. It is not clear that a *Brady* claim is actionable without a trial and conviction. In fact, the clear weight of authority bars a *Brady* claim without a trial or conviction. *Livers v. Schenck*, 700 F.3d 340, 359 (8th Cir. 2012); *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998); *Rogala v. District of Columbia*, 161 F.3d 44, 55–56 (D.C.Cir.1998) (per curiam); *Taylor v. Waters*, 81 F.3d 429, 435–36 & n. 5 (4th Cir.1996); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir.1988).

6. In any event, the destruction of the notes as required by official OAG policy in no way violated clearly established law under *Brady*, and the Superior Court affirmed Judge Lewis's decision saying so. *See* Judge Lewis opinions on notes (ex. 1-2); *Com. v. Feese*, 79 A.3d 1101 (Pa. Super.), reargument denied (2013), appeal denied, 94 A.3d 1007 (Pa. 2014).[1] Further, Zimmerman does not show how the notes

---

[1]Zimmerman erroneously states that Judge Lewis dismissed the Boxgate charges for Zimmerman's co-defendants, which Zimmerman states resulted from the destruction of notes. AC ¶154-55. Actually, Judge Lewis held (and the Superior Court agreed) that the destruction of any notes did not violate the law or OAG policy. Judge Lewis opined about the prudence behind the practice. At the guilty

would have been exculpatory <u>for him</u>. Notably, unlike every single co-defendant, Zimmerman did not challenge the destruction of the notes or make any *Brady* claim at all in his criminal case.

7. As to the alleged "threats" to witnesses, Zimmerman makes no allegation of how witnesses materially changed their testimony against Zimmerman. Further, it does not violate clearly established law to offer uncooperative witnesses immunity or threaten criminal conspirators and accomplices with prosecution. It is also clear that the threats claim cannot survive this Court's 12(b)(6) ruling because the grand jury was always in existence while Boxgate was being investigated. Indeed, the Boxgate grand jury investigation occurred only because boxes of materials were relocated in an attempt to thwart a grand jury subpoena.[2]

8. Turning to the pure malicious prosecution claim against Agent Fiore as the affiant, Zimmerman does not plausibly plead that the agent misled the prosecutors into taking the case or that Agent

---

plea or sentencing for every co-defendant, the Commonwealth dropped the Boxgate charges.
[2]Zimmerman's timeline is implausible and, in fact, impossible. Zimmerman claims that Governor Corbett decided to prosecute Representative Perzel and other Republicans after backlash for the Bonusgate prosecution announced in July 2008. AC ¶27-29. However, the Boxgate charges stem from a grand jury subpoena to Perzel's office in <u>February</u> 2008.

Fiore lacked probable cause. As for the former, Zimmerman actually pleads the opposite: that the prosecutors were in on it. As for the latter, Agent Fiore's actions are presumed reasonable because a prosecutor and Judge Wenner determined that he has probable cause for the charges before Zimmerman's arrest. After his arrest, Zimmerman challenged the sufficiency of the Commonwealth's evidence before Judges Wenner and Lewis, and both Judges held that the Commonwealth had a prima facie basis for the charges, which is weighty evidence of probable cause. *See* Judge Lewis habeas opinion (ex. 3). Zimmerman has not pled any plausible facts that defeat probable cause.

    9.    Finally, a number of courts have held that an arrest alone is not a sufficient Fourth Amendment seizure to support a malicious prosecution claim, absent significant bail restrictions. Zimmerman had to surrender his passport, but the law is not clear that this would be a sufficient seizure.

For these reasons, this Court should enter judgment for defendants.

|  |  |
|---|---|
|  | Respectfully, |
|  | Lavery Law |
|  | s/ Frank J. Lavery, Jr.<br>Pennsylvania Bar No. 42370 |
|  | s/ Josh Autry<br>Pennsylvania Bar No. 208459<br>225 Market Street, Suite 304<br>P.O. Box 1245<br>Harrisburg, PA 17108-1245<br>(717) 233-6633 (phone)<br>(717) 233-7003 (fax)<br>flavery@laverylaw.com<br>jautry@laverylaw.com |
| Date: November 30, 2015 | Counsel for Defendants |

## Certificate of Service

I certify that today I served a true and correct copy through this Court's electronic filing system to Devon M. Jacob, Esquire at djacob@jacoblitigation.com.

                                                s/ Amyra Wagner
                                                Legal assistant for Josh Autry

Date: November 30, 2015