

FILE COPY

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| | : DAUPHIN COUNTY, PENNSYLVANIA |
| VS. | : |
| BRIAN J. PRESKI | : NO. 2583 CR 2010 |
| SAMUEL C. STOKES | : NO. 2584 CR 2010 |
| BRETT O. FEESE | : NO. 2585 CR 2010 |
| JILL A. SEAMAN | : NO. 2586 CR 2010 |
| DONALD H. McCLINTOCK | : NO. 2587 CR 2010 |
| PAUL E. TOWHEY | : NO. 2588 CR 2010 |
| JOHN M. PERZEL | : NO. 2589 CR 2010 |
| ELMER L. BOWMAN | : NO. 2590 CR 2010 |
| ERIC S. RUTH | : NO. 2591 CR 2010 |

## MEMORANDUM ORDER

AND NOW, this 29th day of July, 2011, upon consideration of Defendants' Joint Motion to Dismiss Due to Prosecutorial Misconduct, filed July 1, 2011, the supplements and responses thereto, and following oral argument on the matter, IT IS HEREBY ORDERED said Motion is DENIED.

Defendants contend that the destruction of so called "proffer notes" by the Office of the Attorney General contravenes the mandate of, *inter alia*, *Brady v. Maryland*, 373 U.S. 83 (1963) with respect to disclosure by the prosecution of exculpatory evidence. While Defendants' trenchant argument on this matter is well-taken, this court cannot agree that Defendants' right to due process has been violated.

As the Pennsylvania Supreme Court has written:

> The law governing alleged Brady violations is well-settled. In Brady, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good

1

faith or bad faith of the prosecution. The Supreme Court subsequently held that the duty to disclose such evidence is applicable even if there has been no request by the accused and that the duty may encompass impeachment evidence as well as directly exculpatory evidence.

*Commonwealth v. Lambert*, 884 A.2d 848, 853-854 (Pa. 2005)(internal citations and quotations omitted). The *Lambert* court continued:

On the question of materiality, the [Supreme Court of the United States] has noted that evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. Rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. Thus, there are three necessary components that demonstrate a violation of the Brady strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued.

*Id.*(internal citations and quotations omitted). However, the prosecution's duty under *Brady* and its progeny is not without limit. As the Pennsylvania Supreme Court noted:

[B]rady does not grant a criminal defendant unfettered access to the Commonwealth's files. *See, Commonwealth v. Edmiston*, 578 Pa. 284, 851 A.2d 883, 887 n.3 (Pa. 2004) (defendant has no general right under the Constitution or Brady to search Commonwealth files); *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167, 1176 (Pa. 1999) ("The Commonwealth is, in the first instance, the judge of what information must be disclosed. ... 'Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance.'") (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S. Ct. 989, 1002, 94 L. Ed. 2d 40 (1987)); *Commonwealth v. Counterman*, 553 Pa. 370, 719 A.2d 284, 297 (Pa. 1998), cert. denied, 528 U.S. 836, 120 S. Ct. 97, 145 L. Ed. 2d 82 (1999) (Brady is not a general rule of discovery in criminal cases).

2

*Lambert*, 884 A.2d 848, 853-854 (Pa. 2005). Additionally, "*Brady* does not require the disclosure of information that is not exculpatory but might merely form the groundwork for possible arguments or defenses." *Commonwealth v. Paddy*, 15 A.3d 431, 451 (Pa. 2011).

As a preliminary matter, this court recognizes that this is an atypical iteration of a *Brady* claim in several important respects. First, the evidence in question has been destroyed and cannot be evaluated to determine its potential exculpatory or impeachment value. Second, this claim arises prior to trial and so the retrospective analysis usually employed by courts, which examines any potential prejudice in the context of a jury verdict, is unavailable here[1]. That notwithstanding, the existing precedent, cited above, which describes the scope of the *Brady* duty impels this court to find no due process violation took place.

Here, the "proffer notes" in question were destroyed pursuant to an internal policy of the Office of the Attorney General. That policy also prescribed that "[a]ny details within original handwritten notes will be transposed into [an] investigative report[2]." This court cannot agree with Defendants that the destruction of the notes constitutes a *per se* due process violation.

This court wishes to emphasize that the destruction of the notes *is not inherently improper*. Given the dramatic and negative connotation of the phrase "destruction of evidence," it is important to bear in mind that the destruction of such notes by investigators in a criminal matter is a common, and prudent, practice. Such notes are very often shorthand and incomplete in nature, intended to serve only as an aid to the investigator in the preparation of his or her formal report. Little good would be served, and much confusion and administrative difficulty

---

[1] Indeed, although not cited by any party, this court notes the issue would perhaps better have been raised under the framework announced in *Commonwealth v. Snyder*, 963 A.2d 396 (Pa. 2011), which concerns the destruction of physical evidence.
[2] *See*, Commonwealth's Response to Defendant's Joint Motion to Dismiss Due to Prosecutorial Misconduct, July 15, 2011, "Exhibit A."

3

would be created, by a rule requiring preservation and disclosure of both the investigative report and the rough notes which underlie it.

In this instance, this court finds that the Commonwealth did not miscarry its obligations under *Brady* by executing its policy with respect to the proffer notes. There is no evidence of record to suggest materially exculpatory information was suppressed or lost. Inasmuch as Defendants contend the notes might have provided evidence of prior inconsistent statements made by potential Commonwealth witnesses, this court finds that such evidence is preserved in the Report of Investigation and the notes of testimony of the grand jury proceedings. Indeed, the examples of prior inconsistent statements included by Defendants in their Motion demonstrate the fertile basis for cross examination supplied.

This court acknowledges the argument made by Defendants that not all the proffer interviews conducted were properly memorialized in the Report of Investigation and that the grand jury transcripts do not adequately capture possible underlying inconsistent statements. However, Defendants will have broad latitude on cross examination to explore any such statements and present issues of credibility to the jury.

Because this court cannot find that the destruction of the proffer notes in question rose to the level of a due process violation, Defendants' Motion must be denied.

Richard A. Lewis, Judge

4