IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : |

**FIRST SET OF INTERROGATORIES ADDRESSED TO DEFENDANTS
PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO:   DEFENDANTS

c/o:   Timothy P. Keating, Esquire
        Office of Attorney GeneraL
        15th Floor, Strawberry Square
        Harrisburg, PA  17120

**AND NOW** comes the Plaintiff, John R. Zimmerman, by and through his undersigned counsel, and the law firm of Jacob Litigation, and submits the following Interrogatories to the Defendants, and hereby requests that the Defendants respond to the following Interrogatories within 30 days, in accordance with Rule 33 of the Federal Rules of Civil Procedure, and the enclosed definitions and instructions:

**Definitions:**

**"Defendants" or "Defendant"** shall mean one or all Defendants in this action: Thomas W. Corbett; Linda L. Kelly; Frank G. Fina; K. Kenneth Brown, II; Michael A. Sprow; Anthony J. Fiore; Gary E. Speaks; and/or the Office of Attorney General; and/or the Commonwealth of Pennsylvania, and/or any employer, officer, employee, representative, agent, or any other person acting on behalf of the Defendants, Office of Attorney General, and/or the Commonwealth of Pennsylvania.

**"Plaintiff"** shall mean the Plaintiff in this action: John R. Zimmerman, and/or any representative, agent, or any other person acting on behalf of the Plaintiff.

**"You," "yours"** shall mean one or all Defendants in this action: Thomas W. Corbett; Linda L. Kelly; Frank G. Fina; K. Kenneth Brown, II; Michael A. Sprow; Anthony J. Fiore; Gary E. Speaks; and/or the Office of Attorney General; and/or the Commonwealth of Pennsylvania, and/or any employer, officer, employee, representative, agent, or any other person acting on behalf of the

Defendants, Office of Attorney General, and/or the Commonwealth of Pennsylvania.

**"Document" or "Documents"** shall have the broadest meaning possible, and include but not be limited to, all hardcopy documents and files, and all electronic documents, files, information, or data, in its native format. Such documents would include but not be limited to incident reports, investigation files, photographs, audio, and video recordings, letters, correspondence, memoranda, minutes, transcripts, diagrams, sketches, contracts, agreements, investigation notes, notes regarding telephone conversations or personal conversations, notes of conferences or meetings, diaries, calendars, interoffice communications, hospital and medical records, statistical records, measurements, journals, books, magazines, brochures, newsletters, affidavits, statements, summaries, reports, studies, bills, receipts, logs, invoices, computer printouts, worksheets, and work papers. Electronic information or data would include but not be limited to Email; Word Perfect or Word documents; DOC, DOCX, XLR, XLS, XLSX, LOG, MSG, RTF, WPD, WPS, PDF, XPS, TIFF, TXT, MPG, ASF, AVI, MOV, MP4, SWF, VOB, MID, MP3, WAV, WMA, WMV, DAT, PPS, PPT, PPTX, ASP, HTML, ZIP, BAK, TMP, and ICS files; databases; calendars; computer usage logs; social media content and history; and Internet usage files. Such electronic information or data may reside on workstations, laptops, tablets, network servers, the cloud, third-party file hosting services, mobile devices, voicemail, and/or backup devices.

**"Identify," "Identity,"** when used in reference to an individual person, means to state such person's full name, present or last known address, telephone number, email address, and contemporaneous or last known position and business affiliation. When used in reference to a business organization or entity other than an individual, "identify" or "identity" means to state the full name, its principal business address, and the nature of the organization (e.g., corporation, partnership, etc.). When used in reference to a writing or document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of writing or document, and identity or its present or last known custodian.

**"Incident"** means the occurrences that form the basis of a cause of action or claim for relief set forth in the Complaint, or in any other pleading or amended pleading.

**"Person" or "Persons"** include the singular and plural of natural persons, partnerships, associations, corporations, organizations, governments (including all instrumentalities, officers, agents, and subdivisions thereof) and all other business, legal or artificial entities.

**Instructions:**

(A)   All Interrogatories are to be answered in writing, verified, and served upon undersigned counsel within thirty (30) days upon service upon you in accordance with Federal Rule of Civil Procedure 26.  In answering these Interrogatories, you must furnish all information which is available to you, including that which has been obtained by and that which is now in the possession of your attorneys, employees, insurers, agents and other representatives, and not merely the information known by the individual or individuals preparing the response.

(B)   If you are unable to answer any of the within Interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete

answers, so state, and in addition, answer each such Interrogatory to the fullest extent possible, specifying your knowledge, and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions thereof.

(C) If you file objections to any of the Interrogatories propounded herein, you must nevertheless answer the remaining Interrogatories within the required period of time.

(D) With respect to each Interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, identify all documents which are referred to in preparing your answer thereto.

(F) These Interrogatories shall be deemed to be continuing so as to require you to supplement your answers in a timely fashion upon the discovery or creation of other documents coming within the terms of these Interrogatories between the time of your initial response hereto and final judicial determination of this action.

**Interrogatories:**

1. Please identify all persons known to your attorney or you who have knowledge of the factual matters relating to this action. For each such person, state:
    (a) the facts known by each person;
    (b) when and to whom any of these persons have made statements;
    (c) whether such statements were oral or reduced to writing; and
    (d) identify the custodian of any recorded statements.
**ANSWER:**


2. Please explain the procedure used to identify and preserve hard copy and electronic documents related to Plaintiff's Complaint or any Amended Complaint.
**ANSWER:**


3. Please identify all physical evidence related to Plaintiff's Complaint or any Amended Complaint, and state whether or not the evidence is available for inspection.
**ANSWER:**


4. Please identify all documents, transcripts, audio, and/or video, that ever existed, related to the events at issue in the present litigation, the litigation, or any investigation related to same, and identify the custodian of same.
**ANSWER:**

     5.     Please state whether or not your legal counsel, investigator, agent, employer, employee, or you, have conducted any investigation pertaining to this matter. If so, state:
          (a)     The nature/scope of the investigation;
          (b)     Date(s) the investigation took place;
          (b)     Name and title of person conducting the investigation;
          (c)     Whether any reports, notes, memoranda, audio, video, or photos were taken or prepared during the course of the investigation.

**ANSWER:**


     6.     Please identify any conduct that any co-defendant engaged in during the incident that you believe to be unethical, in violation of any Commonwealth policy, and/or unlawful.

**ANSWER:**


     7.     Please identify any aliases used by you or any co-defendant, to identify you or any co-defendant, or used by others to identify you or any co-defendant, including but not limited to: nicknames, Email addresses, screen names for websites, social media profiles, twitter profiles, Facebook profiles, LinkedIn profiles, and/or names or other information provided to conceal identity for any reason, including placing comments on websites.

**ANSWER:**


     8.     Please identify any and all media personnel with who you have discussed, or provided any information or documents, regarding any matter related in any way to the events discussed in Plaintiff's Complaint or any Amended Complaint. For each person identified, please provide:
          (a) Name and contact information;
          (b) Information or document provided;
          (c) Date the information or document was provided; and
          (d) The reason for providing the information or document.

**ANSWER:**


     9.     Since neither the Commonwealth of Pennsylvania nor the Office of Attorney General will indemnify you for any punitive damages awarded against you, and since you will be required to personally pay any punitive damages awarded against you, please identify any/all insurance agreements/policies for which you are a named insured, including but not limited to any homeowners, renters, excess, or umbrella policies, by providing the following information:
          (a)     The name of the insurance carrier which issued the policy;
          (b)     The named insured under each policy and the policy number of each policy;
          (c)     The type(s) and effective date(s) of each policy;
          (d)     The date that you reported this lawsuit to the insurance carrier; and
          (e)     Claim number(s) related to your reported claim.

**ANSWER:**

10. Please identify each and every person who was interviewed or interrogated during the Computergate and/or Boxgate investigations. For each person identified, please provide the following information:
- (a) Name and contact information of person interviewed or interrogated;
- (b) Date(s) of interview(s) or interrogation(s);
- (c) Location(s) of interview(s) or interrogation(s);
- (d) Name and contact information of interviewer(s) or interrogator(s) and all persons who were present during the interview(s) or interrogation(s); and
- (e) Identify all documents prepared during interview(s) or interrogation(s), along with the custodian of same.

**ANSWER:**

11. Please identify each Defendant, or OAG employee, agent, or attorney, who received compensation and/or benefits from the Commonwealth of Pennsylvania, for time spent engaging in non-work-related activities, including but not limited to, the following conduct: (a) sending or receiving email containing: (i) x-rated or pornographic information, photographs, or videos, (ii) jokes, or (iii) personal matters; (b) surfing the Internet; (c) shopping or performing other personal errands; (d) employees arriving late, taking extended lunches, or leaving early, without submitting required leave requests; (e) working for other employers or personal businesses, i.e., Defendant Sprow having students contact him at the OAG; and/or (f) working for politicians or political campaigns. For each person identified, please provide the following information:
- (a) Name and contact information of person;
- (b) Nature of the non-work related conduct;
- (c) Whether or not the identified person was, or will be, criminally prosecuted; and
- (d) The basis for any decision to criminally prosecute or not prosecute.

**ANSWER:**

12. Please identify any ex parte conversation or communication between (a) any Defendant, or any other Commonwealth or OAG employee, agent, or attorney, and (b) the Computergate and Boxgate grand jury jurors, and/or the judge overseeing the grand jury (and/or his staff), while the Computergate/Boxgate investigation or prosecution took place. For each conversation/communication identified, please provide the following information:
- (a) Names of participants;
- (b) Date of conversation/communication; and
- (b) Substance of conversation/communication.

**ANSWER:**

13. Please identify any ex parte conversation or communication between (a) any Defendant, or any other Commonwealth or OAG employee, agent, or attorney, and (b) Judge Richard Lewis, or any member of his staff, including but not limited to Clarke Madden, while the Computergate/Boxgate investigation or prosecution took place. For each conversation/communication identified, please provide the following information:
        (a) Names of participants;
        (b) Date of conversation/communication; and
        (b) Substance of conversation/communication.
**ANSWER:**


14. Please identify any ex parte conversation or communication between (a) any Defendant, or any other Commonwealth or OAG employee, agent, or attorney, and (b) Attorney Mark Rush, while the Computergate/Boxgate investigation or prosecution took place. For each conversation/communication identified, please provide the following information:
        (a) Names of participants;
        (b) Date of conversation/communication; and
        (b) Substance of conversation/communication.
**ANSWER:**


15. Please identify all confidential grand jury information/documents provided by the Defendants, or any other Commonwealth or OAG employee, agent, or attorney, to anyone not permitted by law, oath, or Commonwealth policy, to receive said information/documents, regarding the Computergate/Boxgate grand jury proceedings, i.e., information provided to the media or political campaigns.
**ANSWER:**


16. Please identify any confidential or otherwise non-public information provided to the grand jury during the Computergate and Boxgate investigations.
**ANSWER:**


17. Please identify any exculpatory evidence related to the criminal prosecution of Zimmerman.
**ANSWER:**


18. Please identify any strategy to criminally charge Zimmerman for the purpose of turning him into a Commonwealth witness, or to prevent Zimmerman from being a defense witness in the House Republican trial.
**ANSWER:**

19. Please identify any person who expressed any critical comment or opinion regarding the Defendants', or of any other Commonwealth or OAG employee's, agent's, or attorney's, job performance, conduct, or handling of, the Computergate/Boxgate investigation or prosecution. For each opinion/comment identified, please provide the following information:
      (a) Names of participants;
      (b) Date of opinion/comment; and
      (b) Substance of opinion/comment.
**ANSWER:**


20. Please identify the "phone calls" that Defendant Corbett identified as the basis for the criminal charges against Zimmerman, during Corbett's press conference, announcing the return of the presentment against Zimmerman and others.
**ANSWER:**


21. Please identify and explain any media involvement in, or media coverage of, the Computergate/Boxgate related criminal arraignments, conducting a "perp walk," or any similar type event, or otherwise exposing the Computergate/Boxgate Defendants to any media coverage.
**ANSWER:**


22. Please identify by pinpoint citation any grand jury testimony which you believe supports the existence of probable cause for any criminal charge asserted against Zimmerman.
**ANSWER:**


**Respectfully Submitted,**

*[signature]*

Date: September 21, 2015

**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ZIMMERMAN, | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| THOMAS W. CORBETT, et al., | : |
| Defendants. | : |

## VERIFICATION

I/We declare pursuant to 28 U.S.C. § 1746 (Unsworn Declarations Under Penalty of Perjury), under penalty of perjury, that my/our responses to these Interrogatories are true and correct.

_____ **Dated:**
**THOMAS W. CORBETT**

_____ **Dated:**
**FRANK G. FINA**

_____ **Dated:**
**K. KENNETH BROWN, II**

_____ **Dated:**
**MICHAEL A. SPROW**

_____ **Dated:**
**ANTHONY J. FIORE**

_____ **Dated:**
**GARY E. SPEAKS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN R. ZIMMERMAN,            Plaintiff, | : Civil Action No.: 1:13-cv-2788<br>: District Judge: Yvette Kane<br>: |
| v. | : CIVIL ACTION – LAW<br>: JURY TRIAL DEMANDED |
| THOMAS W. CORBETT, et al.,            Defendants. | :<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served the foregoing Interrogatories via email on the following person:

**Lindsey A. Bierzonski, Esquire**
Email: lbierzonski@attorneygeneral.gov

**Timothy P. Keating, Esquire**
Email: tkeating@attorneygeneral.gov

_____                    Date:  September 21, 2015
**DEVON M. JACOB, ESQUIRE**