# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ZIMMERMAN, | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| THOMAS W. CORBETT, et al., | : |
| Defendants. | : |

### REQUEST FOR THE PRODUCTION OF DOCUMENTS
### ADDRESSED TO DEFENDANTS PURSUANT TO
### RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:  DEFENDANTS, OFFICE OF ATTORNEY GENERAL, AND COMMONWEALTH OF PENNSYLVANIA

c/o:  Timothy P. Keating, Esquire
      Office of Attorney GeneraL
      15th Floor, Strawberry Square
      Harrisburg, PA  17120

**AND NOW** comes the Plaintiff, John R. Zimmerman, by and through his undersigned counsel, and the law firm of Jacob Litigation, and submits the following Request for the Production of Documents to the Defendants, Office of Attorney General, and the Commonwealth of Pennsylvania, and hereby requests that the Defendants, Office of Attorney General, and the Commonwealth of Pennsylvania, respond to the following Request within 30 days, in accordance with Rule 34 of the Federal Rules of Civil Procedure, and the enclosed definitions and instructions:

**Definitions:**

**"Defendants" or "Defendant"** shall mean one or all Defendants in this action: Thomas W. Corbett; Linda L. Kelly; Frank G. Fina; K. Kenneth Brown, II; Michael A. Sprow; Anthony J. Fiore; Gary E. Speaks; and/or the Office of Attorney General; and/or the Commonwealth of Pennsylvania, and/or any employer, officer, employee, representative, agent, or any other person acting on behalf of the Defendants, Office of Attorney General, and/or the Commonwealth of Pennsylvania.

**"Plaintiff"** shall mean the Plaintiff in this action: John R. Zimmerman, and/or any representative, agent, or any other person acting on behalf of the Plaintiff.

1

**"You," "yours"** shall mean one or all Defendants in this action: Thomas W. Corbett; Linda L. Kelly; Frank G. Fina; K. Kenneth Brown, II; Michael A. Sprow; Anthony J. Fiore; Gary E. Speaks; and/or the Office of Attorney General; and/or the Commonwealth of Pennsylvania, and/or any employer, officer, employee, representative, agent, or any other person acting on behalf of the Defendants, Office of Attorney General, and/or the Commonwealth of Pennsylvania.

**"Document" or "Documents"** shall have the broadest meaning possible, and include but not be limited to, all hardcopy documents and files, and all electronic documents, files, information, or data, in its native format. Such documents would include but not be limited to incident reports, investigation files, photographs, audio, and video recordings, letters, correspondence, memoranda, minutes, transcripts, diagrams, sketches, contracts, agreements, investigation notes, notes regarding telephone conversations or personal conversations, notes of conferences or meetings, diaries, calendars, interoffice communications, calendars, journals, books, magazines, brochures, newsletters, affidavits, statements, summaries, reports, studies, bills, receipts, logs, invoices, computer printouts, worksheets, and work papers. Electronic information or data would include but not be limited to Email; Word Perfect or Word documents; DOC, DOCX, XLR, XLS, XLSX, LOG, MSG, RTF, WPD, WPS, PDF, XPS, TIFF, TXT, MPG, ASF, AVI, MOV, MP4, SWF, VOB, MID, MP3, WAV, WMA, WMV, DAT, PPS, PPT, PPTX, ASP, HTML, ZIP, BAK, TMP, and ICS files; databases; calendars; computer usage logs; social media content and history; and Internet usage files. Such electronic information or data may reside on workstations, laptops, tablets, network servers, the cloud, third-party file hosting services, mobile devices, voicemail, and/or backup devices.

**"Identify," "Identity,"** when used in reference to an individual person, means to state such person's full name, present or last known address, telephone number, email address, and contemporaneous or last known position and business affiliation. When used in reference to a business organization or entity other than an individual, "identify" or "identity" means to state the full name, its principal business address, and the nature of the organization (e.g., corporation, partnership, etc.). When used in reference to a writing or document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of writing or document, and identity or its present or last known custodian.

**"Incident"** means the occurrences that form the basis of a cause of action or claim for relief set forth in the Complaint, or in any other pleading or amended pleading.

**"Person" or "Persons"** include the singular and plural of natural persons, partnerships, associations, corporations, organizations, governments (including all instrumentalities, officers, agents, and subdivisions thereof) and all other business, legal or artificial entities.

## Instructions:

All Requests for Production of Documents are to be answered in writing, and served upon undersigned counsel in accordance with the Federal Rules of Civil Procedure, and the enclosed definitions and instructions. In answering these Requests for Production, you must furnish all documents that you possess, including that which has been obtained by and that which is now in the

possession of your attorneys, employers, employees, insurers, agents and other representatives.

If you are unable to answer any of the Requests for Production fully and completely, after exercising due diligence to secure the document(s) necessary to do so, so state, and answer each such Request for Production of Documents to the fullest extent possible, specifying your knowledge, and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions thereof.

If you file objections to any of the Requests for Production of Documents, you must nevertheless answer the remaining Requests for Production of Documents within the required period of time.

If any document is withheld on the grounds that it is privileged, or that it constitutes an attorney's work product, or for any other reason, please identify each such document by stating:

1. The type of document (e.g., letter, memoranda, etc.);
2. The date of the document;
3. The name and address of the author of the document;
4. The name and address of each recipient of the document;
5. The general subject matter of the document;
6. The name and address of the custodian of the document and the designation of the file(s) in which the document is located;
7. The precise basis on which the document is being withheld.

These Requests for Production of Documents shall be deemed to be continuing so as to require you to supplement your answers in a timely fashion upon the discovery or creation of other documents coming within the terms of these Requests for Production of Documents between the time of your initial response hereto and final judicial determination of this action.

**Document Requests**

1. From 2006 to the present, all documents or electronically stored information: discussing the Office of Attorney General's or the Commonwealth of Pennsylvania's policies and practices related to document retention; preservation, storage, and production of electronically stored information; and employees' use of the Internet, social media, and/or personal or work email.

2. The job description, personnel file, and disciplinary file, for each Defendant.

3. All policies and/or procedures that governed, or should have governed, the Defendants' and/or any other OAG or Commonwealth employee's, agent's, or attorney's, conduct while investigating or prosecuting the Computergate and Boxgate cases.

4. All documents related to the Computergate/Boxgate investigation, including but not limited to, documents discussing the investigation referenced in paragraphs 35-37 of the First Amended

3

Complaint, or the movement of boxes; documents identified in any Initial or Supplemental Disclosures, or any documents obtained by third parties via subpoena.

5. All notes or other documents, prepared by the Defendants or any other OAG employee, agent, or attorney, during, or as a result of, any witness interview or proffer statement. [If any such documents were prepared and subsequently destroyed, identify the destroyed document(s).]

6. All written or electronic documents containing any information or documents evidencing or establishing that the Defendants, or any other OAG employee, agent, or attorney, received compensation and/or benefits from the Commonwealth of Pennsylvania, for time spent engaging in non-work-related activities, including but not limited to, the following conduct: (a) the sending or receiving of email containing: (i) X-Rated or pornographic information, photographs, or videos, (ii) jokes, or (iii) personal matters; (b) surfing the Internet; (c) shopping or performing other personal errands; (d) employees arriving late, taking extended lunches, or leaving early, without submitting required leave requests; (e) working for other employers or personal businesses, i.e., Defendant Sprow having students contact him at the OAG; and/or (f) working for politicians or political campaigns.

7. All written or electronic documents resulting from, or related to, any non-work-related activities that the Defendants, or any other OAG employee, agent, or attorney, engaged in during time for which they received compensation and/or benefits from the Commonwealth of Pennsylvania, including but not limited to, the following activities: (a) the sending or receiving of email containing: (i) x-rated or pornographic information, photographs, or videos, (ii) jokes, or (iii) personal matters; (b) surfing the Internet; (c) shopping or performing other personal errands; (d) employees arriving late, taking extended lunches, or leaving early, without submitting required leave requests; (e) working for other employers or personal businesses, i.e., Defendant Sprow having students contact him at the OAG; and/or (f) working for politicians or political campaigns.

8. All written or electronic *ex parte* correspondence, or similar type communication, on any subject, between (a) the Defendants, or any other Commonwealth or OAG employee, agent, or attorney, and (b) the Computergate and Boxgate grand jury jurors, and/or the judge overseeing the grand jury (and/or his staff), while the Computergate/Boxgate investigation or prosecution took place.

9. All written or electronic *ex parte* correspondence, or similar type communication, on any subject, between (a) the Defendants, or any other Commonwealth or OAG employee, agent, or attorney, and (b) Judge Richard Lewis, or any member of his staff, including but not limited to Clarke Madden, while the Computergate/Boxgate investigation or prosecution took place.

10. All written or electronic correspondence, or similar type communication, on any subject, between (a) the Defendants, or any other Commonwealth or OAG employee, agent, or attorney, and (b) Attorney Mark Rush, while the Computergate/Boxgate investigation or prosecution took place.

11. All confidential grand jury information/documents provided by the Defendants, or any other Commonwealth or OAG employee, agent, or attorney, to anyone not permitted by law, oath, or Commonwealth policy, to receive said information/documents, regarding the Computergate/Boxgate grand jury proceedings, i.e., information provided to the media or political campaigns.

12. Copies of all written or electronic Commonwealth or OAG scheduling logs, calendars, diaries, or similar documents, belonging to the Defendants, or of any other Commonwealth or OAG employee, agent, or attorney, in their native format, that contain any information regarding the Computergate/Boxgate investigation or prosecution, including but not limited to witness meetings, conference room scheduling.

13. All electronic or written documents identifying, containing, or discussing, any exculpatory evidence related to the criminal prosecution of Zimmerman.

14. All transcripts, or similar type written or electronic documents, recording any/all information provided to the Computergate/Boxgate grand jury, and all documents or other exhibits or demonstrative evidence presented to the grand jury.

15. All educational, instructional, or charges presented to the Computergate/Boxgate grand jury.

16. All drafts of any presentment related to the Computergate and Boxgate investigations.

17. All written or electronic documents containing or discussing any confidential or otherwise non-public information provided to the grand jury during the Computergate and Boxgate investigations.

18. All written or electronic documents discussing whether or not probable cause existed to criminally charge Zimmerman, including but not limited to, all documents discussing any strategy to criminally charge Zimmerman for the purpose of turning him into a Commonwealth witness, or to prevent Zimmerman from being a defense witness in the House Republican trial.

19. All written or electronic documents related to the continued criminal prosecution of Zimmerman on or after August 31, 2011.

20. All written or electronic documents containing any critical comments or opinions regarding the Defendants', or of any other Commonwealth or OAG employee's, agent's, or attorney's, job performance, conduct, or handling of, the Computergate/Boxgate investigation or prosecution.

21. All written or electronic documents containing any information from Defendant Fiori, or any other Defendant, Commonwealth, or OAG employee, agent, or attorney, disapproving of the Zimmerman investigation and/or prosecution.

22. All written or electronic documents containing any information identifying or discussing the "phone calls" that Defendant Corbett identified as the basis for the criminal charges against Zimmerman, during Corbett's press conference, announcing the return of the presentment against Zimmerman and others.

23. All written or electronic documents containing any information discussing media involvement in, or media coverage of, the Computergate/Boxgate related criminal arraignments, conducting a "perp walk," or any similar type event, or otherwise exposing the Computergate/Boxgate Defendants

to any media coverage, including but not limited to, press releases, or correspondences discussing political purposes.

**Respectfully Submitted,**

_____     **Date:  September 21, 2015**
**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I served the foregoing Request for the Production of Documents via email on the following person:

**Lindsey A. Bierzonski, Esquire**
Email: lbierzonski@attorneygeneral.gov

**Timothy P. Keating, Esquire**
Email: tkeating@attorneygeneral.gov

_____          Date:  September 21, 2015
**DEVON M. JACOB, ESQUIRE**