IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John R. Zimmerman, | : | 1:13-CV-2788 |
| Plaintiff | : | |
| v. | : | Judge Kane |
| | : | |
| Thomas W. Corbett, Linda L. Kelly, | : | |
| Frank G. Fina, K. Kenneth Brown, | : | |
| Michael A. Sprow, Anthony J. Fiore, | : | |
| and Gary E. Speaks, | : | |
| Defendants | : | |

## Supplemental Objections

Defendants additionally object to the interrogatories and requests

for production as follows:

**Interrogatories:**

1.   **Identify all persons with knowledge of the factual matters

relating to this action.**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks

information and documents not reasonably calculated to lead to the

discovery of relevant evidence. Judge Kane has limited this case to the

following allegations: (1) the Defendants manufactured witness

testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as

1

the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

    c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

    d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

    e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

    f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

    g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is

currently in the process of obtaining those documents and information.
Defendants further object to production of any information or records
not in their possession.

      h.   **Already in Zimmerman's possession**-It is believed that
Defendants provided Zimmerman all relevant documents and
information during his criminal case.

      i.   **Future objections**-Defendants, after receipt and review of the
believed responsive documents and information from the Attorney
General's Office, reserve the right to supplement. Further, undersigned
counsel is still in the process of initially meeting with the Defendants
and preserves Defendants' rights to assert additional objections when
they meet with counsel in the coming weeks.

      j.   **Premature**—Defendants cannot respond to the requests until
they have each met with defense counsel and defense counsel has
obtained the records from the Attorney General's Office.

      2.   <u>**State method of maintaining documents:**</u>

      a.   **Overbroad**—This request is not reasonably limited in time.

      b.   **Relevance**—Defendants believe that Zimmerman seeks
information and documents not reasonably calculated to lead to the

discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

      c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

      d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

      e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

      f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of

the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature—**Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

3.     <u>Identify all physical evidence related to Complaint or</u>

<u>Amended Complaint</u>:

a.     **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.  **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.  **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.  **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.  **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.  **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned

counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

4. <u>Identify all evidence related to the events at issue:</u>

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

5. <u>**Investigations related to this matter:**</u>

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d. **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

6.    <u>**Identify any wrongdoing by Defendants:**</u>

a.    **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.     **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

14

j.     **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

7.     **Identify aliases, e-mail addresses, and social media information for Defendants:**

a.     **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and

criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

k. **Harassing and oppressive**—This personal information is private, has nothing to do with this case, and is not reasonably calculated to lead to the discovery of relevant information.

8. <u>**Identify media contacts related to events in Complaint or Amended Complaint**</u>:

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness

testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.3

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

9. **Identify homeowner, renter, excess, or umbrella insurance policies:**

a.   **Overbroad–**This request is not reasonably limited in time.

b.   **Relevance–**Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague–**Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive–**It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege–**All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

      j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

      k.   **Harassing and oppressive**—This personal information is private, has nothing to do with this case, and is not reasonably calculated to lead to the discovery of relevant information.

      10.   <u>**Identify persons interviewed during Computergate and Boxgate investigations:**</u>

      a.   **Overbroad**—This request is not reasonably limited in time.

      b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information.

Defendants further object to production of any information or records not in their possession.

     h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

     i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

     j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

     11.   **<u>Identify any person in the Attorney General's Office who spent time on non-work related activities:</u>**

     a.   **Overbroad**—This request is not reasonably limited in time.

     b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the

discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.  **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.  **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.  **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.  **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of

the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

     g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

     h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

     i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

     j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

12.   <u>**Identify communications with grand jurors or presiding**</u>

<u>**Judge:**</u>

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned

counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

13.   <u>**Identify communications with Judge Lewis:**</u>

a.   **Overbroad**–This request is not reasonably limited in time.

b.   **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

14.   **Identify communications with Attorney Mark Rush:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

     c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

     d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

     e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

     f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.     **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.     **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.     **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.     **Premature—**Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

15.     <u>**Identify any leaks of grand jury information by the Attorney General's Office:**</u>

a.   **Overbroad**–This request is not reasonably limited in time.

b.   **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

    f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

    g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

    h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

    i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.  **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

16.  <u>**Identify any confidential information provided to grand jury:**</u>

a.  **Overbroad**—This request is not reasonably limited in time.

b.  **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.  **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d. **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

17.   **Identify any evidence exculpatory for Zimmerman:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d. **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

18.   <u>**Identify any strategy to use Zimmerman as government witness or prevent his testimony for defense:**</u>

a. **Overbroad**–This request is not reasonably limited in time.

b. **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d. **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges—**Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

19. <u>Identify any negative comment about Boxgate or Computergate prosecution or investigation</u>:

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

20.   **Identify Zimmerman's phone calls that formed the basis of his charges:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness

testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

21.   **Identify any media coverage of Computergate/Boxgate prosecutions:**

a.  **Overbroad**–This request is not reasonably limited in time.

b.  **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.  **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.  **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.  **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

22.   <u>**Identify any grand jury testimony that supports**</u> <u>**Zimmerman's charges**</u>:

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

**Requests for Production:**

1.    <u>**All records of the Commonwealth's policies and practices relating to record retention and employee use of the Internet and e-mail.**</u>

a.    **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.     **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

2.    **Employment file for each Defendant:**

a.    **Overbroad**–This request is not reasonably limited in time.

b.    **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and

criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

    e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

    f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

    g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

    h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**–Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

k.   **Harassing and oppressive**–This personal information is private and is not reasonably calculated to lead to the discovery of relevant information.

3.   **All policies and procedures governing the Computergate and Boxgate cases:**

a.   **Overbroad**–This request is not reasonably limited in time.

b.   **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness

testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

4.    **All documents related to the Computergate and Boxgate investigations:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

5. **<u>Documents prepared by Attorney General's Office relating to witness statements:</u>**

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

6.   <u>**Documents showing that any person in the Attorney General's Office spent time on non-work related activities:**</u>

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness

testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature—**Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

7.   <u>**Documents showing that any person in the Attorney General's Office spent time on non-work related activities:**</u>

a.   **Overbroad**–This request is not reasonably limited in time.

b.   **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

8. **Communications with grand jurors or Judge presiding over grand jury:**

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.  **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.  **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.  **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.  **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.     **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.     **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.3

j.     **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

9.     **Communications with Judge Lewis:**

a.     **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

      c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

      d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

      e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

      f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

10.    <u>**Communications with Attorney Mark Rush:**</u>

a.    **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.     **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.    **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.     **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

11.     **Leaked grand jury records by the Attorney General's Office:**

a.     **Overbroad**–This request is not reasonably limited in time.

b.     **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and

criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

12.   **Logs and calendars relating to Computergate or Boxgate prosecution or investigation:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as

the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

    c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

    d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

    e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

    f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

    g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is

currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

    h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

    i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

    j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

    13.   **Evidence exculpatory for Zimmerman:**

    a.   **Overbroad**—This request is not reasonably limited in time.

    b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the

discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.     **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.     **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.     **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.     **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of

the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature—**Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

14.   **Grand jury transcripts or documents:**

a.   **Overbroad**–This request is not reasonably limited in time.

b.   **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.   **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these

documents. Defense counsel is in the process of obtaining the order

unsealing the grand jury proceedings to determine its scope.

f.  **Other privileges**–Defense counsel has not yet obtained the

information or documents to review, but believe that at least some of

the documents will be protected by the attorney-client, work product,

deliberative process privilege, prosecutorial privileges, or by other law.

g.  **Location**-The documents and information requested are in

the possession of the Attorney General's Office. Defense counsel is

currently in the process of obtaining those documents and information.

Defendants further object to production of any information or records

not in their possession.

h.  **Already in Zimmerman's possession**-It is believed that

Defendants provided Zimmerman all relevant documents and

information during his criminal case.

i.  **Future objections**-Defendants, after receipt and review of the

believed responsive documents and information from the Attorney

General's Office, reserve the right to supplement. Further, undersigned

counsel is still in the process of initially meeting with the Defendants

and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

      j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

      15.    <u>**Charges to grand jury:**</u>

      a.    **Overbroad**—This request is not reasonably limited in time.

      b.    **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

      c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.   **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.   **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j. **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

16. **Presentment drafts:**

a. **Overbroad**—This request is not reasonably limited in time.

b. **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants

destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c. **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d. **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e. **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature—**Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

17.   **Confidential information provided to grand jury:**

a.   **Overbroad—**This request is not reasonably limited in time.

b.  **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.  **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.  **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.  **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges—**Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location-**The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession-**It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections-**Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.      **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

18.    **Documents related to Zimmerman's prosecution and charges:**

a.      **Overbroad**–This request is not reasonably limited in time.

b.      **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.      **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.      **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and

criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

      e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

      f.    **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

      g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

      h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

19.   **Documents related to Zimmerman's prosecution after August 31, 2011:**

a.   **Overbroad**—This request is not reasonably limited in time.

b.   **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as

the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

  c. **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

  d. **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

  e. **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

  f. **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

  g. **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is

currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.  **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.  **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.  **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

20.  **Documents related to criticisms of Computergate or Boxgate prosecution or investigation:**

a.  **Overbroad**—This request is not reasonably limited in time.

b.    **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f.   **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g.   **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.    **Premature**–Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

21.    <u>Documents related to internal criticism of Zimmerman prosecution or investigation:</u>

a.    **Overbroad**–This request is not reasonably limited in time.

b.    **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and

criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

      e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

      f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

      g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

      h.    **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i.     **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

j.     **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

22.   <u>**Documents related to Zimmerman's phone calls that formed basis for his charges:**</u>

a.     **Overbroad**—This request is not reasonably limited in time.

b.     **Relevance**—Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as

the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

    c.    **Vague**—Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

    d.    **Burdensome and oppressive**—It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

    e.    **Grand jury privilege**—All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

    f.    **Other privileges**—Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

    g.    **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is

currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

   h.   **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

   i.   **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

   j.   **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

   23.   <u>**Documents related to media coverage of Computergate or Boxgate prosecution or investigation:**</u>

   a.   **Overbroad**—This request is not reasonably limited in time.

b.    **Relevance**–Defendants believe that Zimmerman seeks information and documents not reasonably calculated to lead to the discovery of relevant evidence. Judge Kane has limited this case to the following allegations: (1) the Defendants manufactured witness testimony prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed, as the affiant, a criminal complaint and affidavit of probable cause that contained false and misleading statements.

c.    **Vague**–Defendants believe that Zimmerman views this case as bigger than it is, making it difficult to discern what information and documents Zimmerman considers relevant.

d.    **Burdensome and oppressive**–It is believed that the documents and information from the grand jury proceedings and criminal proceedings are voluminous and production would be very difficult, time consuming, and expensive.

e.    **Grand jury privilege**–All or part of the grand jury proceedings may still be sealed, preventing production of these documents. Defense counsel is in the process of obtaining the order unsealing the grand jury proceedings to determine its scope.

f. **Other privileges**–Defense counsel has not yet obtained the information or documents to review, but believe that at least some of the documents will be protected by the attorney-client, work product, deliberative process privilege, prosecutorial privileges, or by other law.

g. **Location**-The documents and information requested are in the possession of the Attorney General's Office. Defense counsel is currently in the process of obtaining those documents and information. Defendants further object to production of any information or records not in their possession.

h. **Already in Zimmerman's possession**-It is believed that Defendants provided Zimmerman all relevant documents and information during his criminal case.

i. **Future objections**-Defendants, after receipt and review of the believed responsive documents and information from the Attorney General's Office, reserve the right to supplement. Further, undersigned counsel is still in the process of initially meeting with the Defendants and preserves Defendants' rights to assert additional objections when they meet with counsel in the coming weeks.

     j.    **Premature**—Defendants cannot respond to the requests until they have each met with defense counsel and defense counsel has obtained the records from the Attorney General's Office.

                           Respectfully,

                           Lavery Law

                           s/ Frank J. Lavery, Jr.
                           Pennsylvania Bar No. 42370

                           s/ Josh Autry
                           Pennsylvania Bar No. 208459
                           225 Market Street, Suite 304
                           P.O. Box 1245
                           Harrisburg, PA 17108-1245
                           (717) 233-6633 (phone)
                           (717) 233-7003 (fax)
                           flavery@laverylaw.com
                           jautry@laverylaw.com
                           Counsel for Defendants

Date: October 22, 2015

## Certificate of Service

I certify that today I served a true and correct copy of this document via First Class, U.S. Mail to:

> Devon M. Jacob, Esquire
> Jacob Litigation
> PO Box 837
> Mechanicsburg, PA  17055
> djacob@jacoblitigation.com

> s/ Aimee L. Paukovits
> Legal assistant to Frank J. Lavery,
> Jr., and Josh Autry

Date: October 22, 2015