IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John R. Zimmerman, | : | 1:13-cv-2788 |
| Plaintiff | : | |
| v. | : | Judge Kane |
| Thomas W. Corbett, Frank G. Fina, | : | |
| K. Kenneth Brown, Michael A. Sprow, | : | |
| Anthony J. Fiore, and Gary E. Speaks, | : | |
| Defendants | : | Jury Trial Demanded |

**Reply Brief in Support of**
**<u>Motion for Judgment on the Pleadings</u>**


I. **Plaintiff concedes that his prosecutors did not violate clearly established law under *Brady*.**

This Court on the motion to dismiss decided what <u>factual allegations</u> against Plaintiff's prosecutors may survive absolute immunity. Defendants properly ask this Court whether the remaining factual allegations form <u>a viable cause of action</u>.

Plaintiff concedes by omission that he cannot bring a *Brady* claim because he had no trial or conviction, and in doing so, that Defendants did not violate clearly established law under *Brady*. Plaintiff argues that the alleged *Brady* violations (fabrication and destruction of

1

evidence) simply show Defendants' malice—an element of malicious prosecution.[1] Plaintiff misses the point.

<u>This Court dismissed all allegations against Plaintiff's prosecutors for their probable cause determination—a necessary element to malicious prosecution.</u> If absolute immunity means anything, it certainly means that Plaintiff cannot indirectly prove a claim that is barred directly. If Plaintiff's prosecutors are (as this Court held) immune for their probable cause determination, then Plaintiff does not get to skip that element of malicious prosecution; rather, Plaintiff must show a different cause of action based upon the remaining factual allegations—specifically, a cause of action that doesn't require him to prove an element for which the prosecutors retain absolute immunity.

This Court only left <u>two</u> factual allegations against Plaintiff's prosecutors: 1) that they fabricated evidence before the empaneling of the grand jury, and 2) they destroyed material, exculpatory evidence. Neither theory supports a cause of action because Plaintiff had no trial

---

[1] Of course, Plaintiff cannot show malice by allegations that Defendants <u>followed</u> the clearly established law; rather, Plaintiff must show Defendants intentionally violated the law to show that they acted maliciously. By conceding that Defendants' alleged destruction of evidence did not violate the clear law under *Brady*, Plaintiff leaves a substantial hole in his reasoning.

or conviction.[2] For the same reason, Plaintiff cannot show any entitlement to relief under the clearly established law to overcome qualified immunity. As Plaintiff concedes that he does not allege fabrication or destruction of evidence as an independent cause of action (and could not if he wanted to), Plaintiff in effect concedes that <u>he has no cause of action left against the prosecutors</u>.

II. **Plaintiff cites no clearly established law for the proposition that an unactionable *Brady* claim can be brought as a malicious prosecution claim.**

Plaintiff does not even attempt to point this Court to any legal authority that permits an alleged *Brady* claim to be brought without a conviction and trial via a malicious prosecution claim. Plaintiff needs to show a cause of action under the clearly established law, but cannot. Plaintiff attempts to sidestep the above cited decisions, but points this Court to no applicable authority, much less binding authority, that permits a *Brady* claim under the <u>Fourth</u> Amendment.

---

[2] *Livers v. Schenck*, 700 F.3d 340, 359 (8th Cir. 2012); *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998); *Rogala v. District of Columbia*, 161 F.3d 44, 55–56 (D.C.Cir.1998) (per curiam); *Taylor v. Waters*, 81 F.3d 429, 435–36 & n. 5 (4th Cir.1996); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir.1988). *See also Com. v. Feese*, 79 A.3d 1101, 1113 (Pa. Super. 2013) ("[A]ny value of prior inconsistent statements as impeachment material was rendered moot by [the witnesses'] absence.").

### III. Plaintiff concedes that the state courts have repeatedly affirmed the destruction of notes.

Plaintiff concedes that Judge Lewis and the Superior Court supported the destruction of notes. *See* Judge Lewis opinions on notes (ex. 1 p. 3-4; ex. 2 p. 9, 12-14); *Com. v. Feese*, 79 A.3d 1101, 1110 & n. 7 (Pa. Super.), reargument denied (2013), appeal denied, 94 A.3d 1007 (Pa. 2014). Plaintiff offers no contrary legal authority to show that Defendants violated clearly established law by destroying notes. Without some authority condemning the practice, Defendants acted in unchartered waters and retain qualified immunity for the note destruction. In fact, the clear law supports their decisions.

### IV. Plaintiff does not attempt to explain how the notes could have helped him.

Plaintiff does not show that Defendants violated any clearly established law by destroying notes. Even if the missing notes were exculpatory, Plaintiff could have called any exculpatory witnesses at trial. *See Feese*, 79 A.3d at n.7. Plaintiff claims he lacks notes for three witnesses (AC ¶114); yet Plaintiff refuses to offer any explanation as to how the notes would have helped him at trial (if he had one). Plaintiff further concedes that the notes had no impeachment value under

Pennsylvania law.[3] Upon examination, Plaintiff's claim of destruction of evidence falls flat.

## V. Plaintiff does not show a seizure under the clearly established law.

Initially, the law is not clearly established that an arrest alone is a sufficient seizure for a malicious prosecution claim.[4] Plaintiff concedes by omission that released on unsecured bail[5] is not either as Plaintiff did not have to put up any money.[6]

Plaintiff's only additional allegation is that he surrendered his passport, but Plaintiff does not point this Court to any authority that

---

[3] *Com. v. Simmons*, 662 A.2d 621, 638 (Pa. 1995). *See Flagg v. Wynder*, 2008 WL 861498, at *13-14 (E.D. Pa. Mar. 27, 2008) (citing *Simmons*); *Mustafa v. Superintendent, SCI Dallas*, 2004 WL 1078500, at *4 (E.D. Pa. May 13, 2004) *R&R adopted*, 2004 WL 1490399 (June 30, 2004). *See also Com. v. LeBlanc*, 2015 WL 6663637, at *3-4 (Pa. Super. Sept. 2, 2015) (unpublished) (such allegations "are baseless and border on frivolous"); *Com. v. Lawson*, 2015 WL 6114513, at *6 (Pa. Super. July 30, 2015) (unpublished).

[4] *See Wiltz v. Middlesex Cnty. Office of Prosecutor*, 249 F. App'x 944, 949 (3d Cir. 2007). *See also Penberth v. Krajnak*, 347 F. App'x 827, 829 (3d Cir. 2009) (arrest and 35-40 minute detention insufficient); *Luck v. Mount Airy No. 1,* 901 F. Supp. 2d 547, 556 (M.D. Pa. 2012) (arrest not enough); *White v. Glenn*, 2014 WL 5431200, at n.4 (E.D. Pa. Oct. 27, 2014) (same); *Bartow v. Thomas*, 2014 WL 2993786, at *5 (W.D. Pa. July 2, 2014) (same).

[5] https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0002524-2010

[6] *See Black v. Montgomery Cty.*, 2015 WL 5568388, at *3 (E.D. Pa. Sept. 21, 2015); *Collins v. Jones*, 2015 WL 790055, at *9 (E.D. Pa. Feb. 24, 2015); *Jones v. Barth*, 2015 WL 221079, at *4 (E.D. Pa. Jan. 15, 2015); *Schultz v. Hughesville Borough*, 2011 WL 3273076, at *8 (M.D. Pa. July 29, 2011); *Golya v. Golya*, 2007 WL 2301085, at *7 (M.D. Pa. Aug. 9, 2007); *Esposito v. Galli*, 2006 WL 2322487, at *9 (M.D. Pa. Aug. 9, 2006); *Ankele v. Hambrick*, 286 F. Supp. 2d 485, 497 (E.D. Pa. 2003) aff'd, 136 F. App'x 551 (3d Cir. 2005).

requiring pre-approval for international travel or restricting travel to within the United States is a seizure. Indeed, every single U.S. citizen has international travel restricted to at least some extent as the federal government restricts or bans travel to other countries as it sees fit. Even if Plaintiff's travel restriction constituted a seizure, the law is not <u>clearly established</u> that it did.

VI. <u>Plaintiff concedes the factual basis for probable cause.</u>

Plaintiff concedes the following facts that show probable cause:

1. The grand jury subpoenaed campaign material from the House Republican Caucus. Ex. 4.

2. A man called the House Republican Campaign Committee from Plaintiff's desk line to tell the HRCC to expect a delivery of boxes of campaign material, AC ¶69, 114(d) and 115(f).

3. Plaintiff was normally at his desk, ¶146.

4. Boxes of campaign material were then moved to HRCC, ¶69.

To counter these facts, Plaintiff alleges that:

1. Defendants could have tracked Lori Lochetto's whereabouts.

2. Defendants did not confirm with each witness whether they were referring to all or part of the office.

3. Plaintiff could not see the boxes from his desk.

4. Some witnesses stated that the boxes were kept in Perzel's private office.

5. Others could access Plaintiff's desk line.

6. George Matthews, HRCC, received a phone call from Perzel's office suite about delivery of the boxes a few days before delivery.

7. Mark Miller, supervisor of House Republican Caucus messengers, was in Perzel's office on February 25, 2008, and—according to Plaintiff—likely made the call.

8. Plaintiff was not present when the boxes were moved.

Initially, Plaintiff does not explain how Lochetto's whereabouts would negate a reasonable belief that Plaintiff made a call to move campaign material out of a legislative office to avoid a subpoena. As far as whether Plaintiff could see the boxes and where the boxes were specifically located, Defendants had a reasonable belief that Plaintiff knew about the boxes so long as they had a reasonable belief that Plaintiff made the call about the boxes.

The key question then is whether Plaintiff alleges facts to show that Defendants lacked reason to believe that he made the call from his desk line. On this point, Plaintiff claims that others had access to his desk line, and that Miller must have made the call. But Plaintiff does

not show that it was unreasonable to believe that Plaintiff made the call from his desk line. Plaintiff concedes that he was normally at his desk, and Plaintiff makes no allegations that Defendants had reason to believe he was not there at the time of the call. While others may have had access to Plaintiff's desk line, Defendants had reason to believe that Plaintiff was the man on his desk line.

VII. <u>Plaintiff alleges that the agents and prosecutors worked in tandem</u>.

Plaintiff points to no binding law that permits officers or agents to be held liable for malicious prosecution at all. Accordingly, the agents are entitled to qualified immunity.

Under nonbinding case law, to hold the agents liable for malicious <u>prosecution</u>, Plaintiff admits that he must allege that they somehow interfered with prosecutorial discretion and tricked prosecutors into taking his case. While Plaintiff alleges that the agents made misleading statements and destroyed notes, he alleges that they did so as accomplices and conspirators with his prosecutors. Under the circumstances, Plaintiff does not allege that the agents in any way duped the prosecutors. To the contrary, Plaintiff alleges that the agents and prosecutors acted in lockstep.

There certainly appears to be no clearly established law that permits agent or officer liability based upon allegations that the agents and prosecutors acted in unison and spoke with one voice. Thus, the agents are entitled to qualified immunity.

VIII. <u>Plaintiff does not show that the agents lack a presumption of reasonableness for their probable cause determination.</u>

The law presumes that Agents Fiore and Speaks acted reasonably when they determined probable cause. Judge Wenner initially approved the affidavit of probable cause to charge Plaintiff (ex. 6 pp. 1-2), Judge Wenner later declined to dismiss the case at a preliminary hearing (ex. 7 p. 131), and Judge Lewis also declined to dismiss the case on a habeas motion (ex. 3 p. 2).

Plaintiff relies upon this Court's determination that the state court rulings are only "weighty evidence" of probable cause, but ignores the fact that this Court did not consider qualified immunity. Plaintiff does not address whether this very strong evidence is enough to show that the agents acted reasonably, and thus, are entitled to <u>qualified immunity</u>. Plaintiff ignores the holdings in *Kelly v. Borough of Carlisle*, 622 F.3d 248, 255-56 (3d Cir. 2010), and *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995), that prosecutorial and judicial

9

determinations of probable cause presumptively shield the officer relying upon their determinations with qualified immunity.

As explained above, Plaintiff does not overcome this presumption by showing that probable cause is so lacking. The agents, like the prosecutors and judges, had reason to believe that Plaintiff made the call from his desk line to arrange the transport of campaign boxes out of the legislature. Plaintiff certainly does not show that Agents Fiore and Speaks are plainly incompetent.

IX. **Plaintiff admits that his charges stem *from the grand jury proceedings*.**

Plaintiff admits that his charges stem from the alleged violation of a grand jury subpoena. Ex 4 & 5 (2-25-08 & 2-29-08 subpoenas). Plaintiff claims that the grand jury was investigating a "different matter," but his claim runs contrary to his pleading. As detailed in Plaintiff's amended complaint, the grand jury was investigating Republican legislators and staff for campaigning out of the legislature. As part of that investigation, the grand jury subpoenaed campaign documents, and Plaintiff was accused of attempting to thwart the grand jury's efforts. It is clear that Plaintiff's allegations of obstruction are part and parcel of the grand jury he is accused of attempting to

obstruct. There is no possible way that Defendants fabricated testimony against Plaintiff <u>before the grand jury was empaneled.</u>

X. <u>**Plaintiff concedes that the conclusory allegations against AG Corbett mirror the dismissed allegations against AG Kelly.**</u>

Plaintiff admits that he lumps the not-dismissed AG Corbett and the dismissed AG Kelly together as one in the same, showing the implausibility of his conclusory allegations against both. Unlike the remaining Defendant, Plaintiff makes no specific allegations against Corbett for fabrication or destruction of evidence. Plaintiff does not deny that the allegations against AG Corbett are just as conclusory as the allegations against AG Ashcroft in *Iqbal*.

                                           Respectfully submitted,

                                           Lavery Law

                                           <u>s/ Frank J. Lavery, Jr.</u>
                                           Pennsylvania Bar No. 42370

                                           <u>s/ Josh Autry</u>
                                           PA Bar No. 208459
                                           225 Market Street, Suite 304
                                           P.O. Box 1245
                                           Harrisburg, PA 17108-1245
                                           (717) 233-6633 (phone)
                                           (717) 233-7003 (fax)
                                           flavery@laverylaw.com
                                           jautry@laverylaw.com
Date: February 9, 2016           Counsel for Defendants

## Certificate of Service

I certify that on this date, I served a true and correct copy of this filing through this Court's electronic case filing system to Devon M. Jacob, Esquire.

s/ Amyra Wagner
Legal Assistant for Josh Autry

Date: February 9, 2016