# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. ZIMMERMAN,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:13-CV-02788 |
| | : | |
| v. | : | (KANE, J.) |
| | : | |
| **THOMAS W. CORBETT,** *et al.*, | : | (MEHALCHICK, M.J.) |
| Defendants | : | |

## MEMORANDUM OF THE OFFICE OF ATTORNEY GENERAL ADDRESSING GRAND JURY PRIVILEGE

In accordance with the Court's post-discovery conference order of June 29, 2016 in this matter, the Pennsylvania Office of Attorney General (OAG), by its counsel, hereby respectfully submits this memorandum addressing the issues raised by the Court as to grand jury privilege under the laws of the Commonwealth. The OAG is not a party to this action, although several of its former employees, and the former Attorney General are named as defendants.[1] The OAG's involvement arises from the plaintiff's issuance of a subpoena seeking various materials directed to the agency. The OAG has objected to that subpoena, *see* Objections to the Subpoena Issued to the Commonwealth of Pennsylvania and the Office of Attorney General, filed Oct. 8, 2015 ("OAG Objections"), and as explained in the

---

[1] In this matter, the former OAG employees who are defendants are represented by private counsel. OAG attorneys appear for the agency only in connection with the discovery dispute that has arisen.

recently-held discovery conference, maintains that the vast majority of the material sought by the subpoena cannot be provided to the plaintiff as the material is subject to grand jury secrecy. For the OAG to furnish the same would constitute a violation of Pennsylvania law that involves criminal penalties including imprisonment. Plaintiff's attempt to have this Court order the OAG to supply the requested information is an impermissible end-run around the appropriate procedures that is contrary to controlling Third Circuit precedent.

### A. Pennsylvania's Stringent Grand Jury Secrecy Requirements

Pennsylvania's Investigating Grand Jury Act (IGJA), 42 Pa.C.S.A. §§4531-4553, provides for the empanelment, operation and administration of both county and statewide investigating grand juries.[2] Pa.R.Crim.P. 220-244 set forth the procedures that govern the operation and activities of investigating grand juries. Those rules specifically require the administration of secrecy oaths: to the stenographer, *see* Pa.R.Crim.P. 223; to court personnel and "all others who assist in the proceedings," *see* Pa.R.Crim.P. 224; to members of the grand jury, *see*

---

[2] In the case of county investigating grand juries, a district attorney must seek and obtain the approval of the president judge of the county's court of common pleas in order to convene the same. *See* 42 Pa.C.S.A. § 4543. Statewide investigating grand juries (sometimes called "multicounty grand juries") are convened upon the approval of the Pennsylvania Supreme Court following an application by the Pennsylvania Attorney General. The authorizing order designates the supervising judge and identifies the counties from which jurors will be drawn. *See* 42 Pa.C.S.A. § 4544.

Pa.R.Crim.P. 225; and to "all persons who are to be present while the grand jury is in session, except as may otherwise be provided by law." *see* Pa.R.Crim.P. 23l(c).

The IGJA, the related rules of criminal procedure and Commonwealth decisional law all require strict observation of grand jury-related secrecy obligations. Prosecutors and various others who may be associated with a grand jury investigation are not permitted to disclose any information about its activities, including even whether or not a matter is under investigation. In 42 Pa.C.S.A. §4549(b), entitled "Disclosure of proceedings by participants other than witnesses," the IGJA provides that:

> Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to attorneys for the Commonwealth for use in the performance of their duties. *The attorneys for the Commonwealth may with the approval of the supervising judge disclose matters occurring before the investigating grand jury including transcripts of testimony to local, State, other state or Federal law enforcement or investigating agencies to assist them in investigating crimes under their investigative jurisdiction.* Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury *only when so directed by the court*. All such persons shall be sworn to secrecy, and *shall be in contempt of court* if they reveal any information which they are sworn to keep secret.

42 Pa.C.S.A. §4549(b)(emphasis added). *See also* Pa.R.Crim.P. 229-230. The sole exception to this obligation is for witnesses who testify before grand juries. Pennsylvania law allows them to disclose the fact of their appearance and

testimony unless otherwise prohibited by the supervising judge. *See* 42 Pa.C.S.A. §4549(d)(providing, in relevant part that "[n]o witness shall be prohibited from disclosing his testimony before the investigating grand jury except for cause shown in a hearing before the supervising judge").

In its rulings to date, the Pennsylvania Supreme Court has interpreted the provisions of the IGJA governing disclosures very strictly.[3] For example, it has held that the above-quoted statutory provision permits prosecutors (with the supervising judge's permission) to disclose grand jury information only to the other law enforcement personnel and agencies for purposes of *criminal* investigation. Disclosures may not be made for *civil* matters, including civil enforcement proceedings. *See*, *e.g.*, *In re Investigating Grand Jury of Philadelphia County, Appeal of Philadelphia Rust Proof Co. Inc.*, 437 A.2d 1128 (Pa. 1981)(*Rust Proof*).

Violations of the IGJA's secrecy obligations carry with them grave consequences: prosecution for criminal contempt. This is not illusory as the attached decision in *In Re: The Twentieth Statewide Investigating Grand Jury*, No.

---

[3] In Pennsylvania, rulings by the supervising judge of a grand jury are appealed directly to the Pennsylvania Supreme Court, by passing the intermediate appellate courts. *See* Pa.R.A.P. 3331. There is not a large body of published law in this area. This is likely due to the fact that grand jury-related matters are typically filed under seal due to continuing secrecy obligations.

277 M.D. Misc. Dkt. 2002 (Pa.)("*Kolojejchick*") shows.[4] The decision in *Kolojejchick* is also very helpful to the discussion of grand jury issues involved here because it illustrates the abiding interpretation and practical application of grand jury secrecy obligations arising under the laws of the Commonwealth. Indisputably, in Pennsylvania, the scope of grand jury secrecy is broad and continues to exist even after a grand jury's term has expired.[5]

As the supervising judge explained, someone to whom a secrecy oath is administered, swears that he or she

> will keep secret *all that transpires in the grand jury room, all matters occurring before the grand jury, and all matters and information concerning the grand jury obtained in the course of my official duties or otherwise,* except when authorized by law or permitted by the court.

---

[4] This decision, which was publicly disseminated, appears in redacted form in Appendix A to this memorandum, and will be cited here as A1-A25. The redactions were made by the supervising judge, the Hon. Barry F. Feudale, prior to public distribution of his ruling.

[5] In footnote 1, Judge Feudale briefly explained that the supervising judge of a Pennsylvania grand jury typically retains jurisdiction over all administrative matters that may arise after the grand jury's term has expired. *See* A1 n. 1. However, when the supervising judge is unable to continue to perform these duties due to retirement, death or some other incapacity, another judge is appointed by the Chief Justice of the Pennsylvania Supreme Court to assume those responsibilities. As the Court was advised during the discovery conference held by telephone on June 28, 2016, the Hon. Norman A. Krumenacher, III, of the Cambria County Court of Common Pleas has been appointed to handle all matters concerning the grand jury that is pertinent here.

A4 (emphasis added). While acknowledging that §4549(b) of the IGJA "does not define what falls within the ambit of disclosure of 'matters occurring before the Grand Jury,' " the supervising judge nevertheless explained that "such would clearly encompass not only the nature of the evidence submitted to the Grand Jury, but also the views expressed by members of the Grand Jury or anything else that actually occurred before the Grand Jury." A11. Moreover, he went on to emphasize that the duty of secrecy did not only apply to the categories of individuals listed in §4549(b). Rather, all others who have access to grand jury information bear the same responsibility "regardless of whether they are physically in the grand jury courtroom." App. 11-12 (citing, *inter alia*, *Rust Proof*, *supra*). Thus, unless disclosure is specifically authorized by law or by the grand jury supervising judge, all OAG personnel who are sworn must maintain secrecy as to all information concerning a grand jury. *Id*. As the supervising judge pointed out in *Kolojejchick*, this is true even if grand jury information is somehow publicly disclosed by others. A13. It is not permissible for those sworn to secrecy to acknowledge or corroborate such information. "There is no once disclosed exemption to the secrecy provision." *Id.*[6] Nor is there any First Amendment

---

[6] Because of these requirements of Pennsylvania law, the OAG is typically unable to confirm or deny the existence of a grand jury investigation even if a witness discloses the fact and substance of his or her testimony.

based-right to violate the secrecy obligation. *Id.* (citing *United States v. Smith*, 123 F.3d 140 (3d Cir. 1997)).

> B. **Binding Circuit Precedent Requires Plaintiff to Seek Disclosure of Any Grand Jury Secrecy-Protected Materials or Information from the State Grand Jury Judge Not this Court.**

The chief problem with any attempt by plaintiff to have this Court order the OAG to furnish him with grand jury secrecy-protected material(s) or information via discovery is that it contravenes the Third Circuit's ruling in *Camiolo v. State Farm and Casualty Co.*, 334 F.3d 345 (3d Cir. 2003), which held that it is improper for a civil litigant to try to obtain materials from a Pennsylvania grand jury by applying, in the first instance, to a federal district court—precisely the situation here. Rather, as *Camiolo* instructs, a litigant seeking state grand jury information must apply to the state supervising grand jury judge. *Id*. at 354-360 (citing, *inter alia*, *Younger v. Harris*, 401 U.S. 37(1971)). Where no application has been made to and acted upon by the supervising judge, principles of comity require that the district court abstain from ruling on the motion. In concluding that the district court erred when it took up Camiolo's motion to compel directed to the District Attorney of Montgomery County, an unsubpoenaed third party who had possession of the grand jury transcripts being sought, the Third Circuit said:

> At minimum, and out of deference owed the state court, the District Court should have abstained from addressing Camiolo's motion. *See*, *e.g.*, *Younger*, 401 U.S. at 41 . . . . Principles of comity and federalism demand that a district court presented with a request to compel the

> disclosure of any matter occurring before a Pennsylvania investigating grand jury should direct the party to first formally petition the judicial officer who possesses the supervisory authority to grant or deny such access. Accordingly, a party seeking such state grand jury testimony should first present his request to the appropriate state judicial officer.

*Id*. at 357(citation in original); *see also id*. at 360 (where the Court of Appeals faulted Camiolo for seeking "to short-circuit Pennsylvania's carefully considered scheme by appealing directly to the District Court, treating the supervising judge of the state grand jury as a mere bystander in interest").[7]

*Camiolo*, which is controlling precedent,[8] and has been followed by other district courts in Pennsylvania, *see*, *e.g.*, *Vecchio v. Pennsylvania Department of Revenue, et al.*, Civil Action No. 09-1485 (W.D. Pa)(Text Order of 03/22/2010),[9] also makes clear that plaintiff may seek no relief pursuant to the Federal Rules of Criminal Procedure. Even at a quick glance, it is clear that those Rules do not apply to this action which is civil in nature. *See* Fed.R.Crim.P. 1(a)(providing in

---

[7] The Court of Appeals also pointed out that where the state judicial officer does not permit disclosure of grand jury information principles of comity and abstention, as well as full faith and credit, may nevertheless prevent a federal court from granting the relief. *See Camiolo*, 334 F.3d at 359 n. 10.

[8] Per the provisions of the Third Circuit's Internal Operating Procedures 5.1 and 5.2, the Court's decision in *Camiolo* was designated as "precedential." *See* http://www.ca3.uscourts.gov/opinarch/021603.pdf (where the slip opinion appears in electronic form on that court's website).

[9] A copy of the electronic docket in this matter is attached in Appendix B. In *Vecchio,* numerous filings were made under seal and remain sealed. The court directed entry of the text order cited here on the public docket. *See* Appendix B at p. 11 of 18 (pagination in original)(entry between Docs. 66 and 67).

relevant part that the Federal Rules of Criminal Procedure "govern the procedure in all *criminal* proceedings in the United states district courts . . .")(emphasis added). Accordingly, the provisions of Rule 6, which pertain to grand juries, apply to federal—not state—grand juries, which are very different animals. While the two may share some similar principles, there are significant differences: Pennsylvania has "investigating" grand juries, and the United States has "indicting" grand juries, each with very different purposes and procedural rules— *compare* 42 Pa.C.S. § 4541 *et seq*., and Pa.R.Crim.P. 220-244 *with* Fed.R.Crim.P. 6-8.

To the extent that Rule 6(e)(3)(E)(i)—the specific provision which addresses disclosure of grand jury information—permits a federal district court to authorize disclosure of grand jury-related information, it pertains to disclosure of federal— not state—grand jury information.[10]  *See Camiolo*, 334 F.3d at 359 n. 10 (noting that Fed.R.Crim.P. 6(e) only applies to federal grand juries and that it provides no procedural mechanism for seeking disclosure of state grand jury information).

There is no "pre-grand jury" discovery that can be conducted in this case due to the fact that this matter arose directly from evidence presented during the

---

[10] Fed.R.Crim.P. 6(e)(3)(E)(i) provides that a district court "may authorize disclosures—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily or in connection with a judicial proceeding . . . ."

"Bonusgate" grand jury proceedings. (*See, e.g.*, Complaint, Doc. 20 ¶¶26-40). In ruling on defendants' motion to dismiss, Judge Kane acknowledged that any matters relating to action taken once a grand jury has been empaneled are protected. (See Doc. 29 at pp.11-15). Therefore, this matter was a direct result of a prior grand jury proceeding, and therefore, there are no "pre-grand jury" acts by any named defendants that are subject to discovery.

                                            **Respectfully submitted,**

                                            **BRUCE L. CASTOR, JR.**
                                            **Solicitor General**

                                            **BRUCE R. BEEMER**
                                            **First Deputy Attorney General**

                                            _____
                                            **AMY ZAPP**

**Office of Attorney General**          **Chief Deputy Attorney General**
**16th Floor, Strawberry Square**    **Attorney ID #28065**
**Harrisburg, PA 17120**               *Counsel for Defendants*
**Phone: (717) 787-6348**
**Fax:    (717) 787-5431**
azapp@attorneygeneral.gov

**Date: July 13, 2016**