IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John R. Zimmerman, | : | 1:13-cv-2788 |
| Plaintiff | : | |
| v. | : | Judge Kane |
| Thomas W. Corbett, Frank G. Fina, | : | |
| K. Kenneth Brown, Michael A. Sprow, | : | |
| Anthony J. Fiore, and Gary E. Speaks, | : | |
| Defendants | : | Jury Trial Demanded |

## Brief regarding Discovery Subject to Grand Jury Privilege

Respectfully submitted,
Lavery Law

Frank J. Lavery, Jr.
Pennsylvania Bar No. 42370

Josh Autry
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Counsel for Defendants

Date: July 15, 2016

I. <u>The requested records are not proportional or relevant.</u>

The 2015 amendments to FRCP 26 "govern… insofar as just and practicable, in all proceedings then pending." *In re GeoStock*, 2016 WL 1328933, at n.14 (M.D. La. Apr. 5, 2016). *See also Timothy v. Oneida Cty.*, 2016 WL 2910270, at *6 (D. Idaho May 18, 2016); *Harrison v. Wells Fargo*, 2016 WL 1392332, at *4 (N.D. Tex. Apr. 8, 2016). "Given the 'restorative nature' of the amendments, …application of the amended version… is 'both just and practicable.'" *In re GeoStock*, 2016 WL 1328933, at n.14.

Rule 26(b)(1) now only permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and <u>proportional</u> to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The amendments removed the permissive language that allowed discovery of anything "reasonably calculated to lead to the discovery of admissible evidence" in order to stop "misuse" of discovery

and rein in far reaching discovery "incorrectly" allowed under the previous wording. *See* Advisory Committee Note.

Defendants have now produced 9,973 pages in response to Plaintiff's overbroad and burdensome discovery requests. *See* discovery index (ex. 1). Given this burdensome production just shy of ten thousand pages, no further production is proportional to the narrow claims remaining. The record is already massive, requiring counsel to spend countless hours sifting through documents and transcripts.

There are only three remaining claims: 1) Defendants fabricated witness testimony before the empaneling of the grand jury, 2) Defendants destroyed exculpatory notes, and 3) Defendants included false statements in the initial charging documents. It is clear that Plaintiff's charges for obstructing grand jury subpoenas stem from the then-existing grand jury. *See* grand jury subpoenas (exs. 2-3); criminal complaint summary of facts (ex. 4); relevant portion of presentment (ex. 5). Because there were no witnesses against Plaintiff <u>before empaneling the grand jury</u>, the first theory of liability is impossible and no responsive records or information exist as to that claim.

The only other facts relevant are whether Defendants included false statements in his charging documents and destroyed exculpatory notes. After charging Plaintiff, the only fact relevant after charging Plaintiff is whether Defendants destroyed exculpatory notes. No discovery should be permitted outside of these two focused and narrow issues. Given the narrow claims remaining, Plaintiff's request for widespread grand jury discovery is not proportional or relevant.

II. <u>Plaintiff has the records he seeks.</u>

Under Rule 26(b)(2)(C), even if relevant and proportional, this Court "<u>must</u> limit the frequency or extent of discovery… if… (i) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive;… [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The grand jury discovery is "unreasonably cumulative or duplicative" because, as Plaintiff cannot deny, OAG already produced the grand jury discovery to him during the criminal case. *See* criminal discovery letters (ex. 5). It is obvious Plaintiff has the grand jury records because he summarizes witness interviews and grand jury testimony in the

amended complaint. *See* ¶56, 82-83, 112-115.[1] For the same reason, Plaintiff "has had ample opportunity to obtain the information."

Accordingly, if Plaintiff does not have the documents in his possession, Plaintiff has a method to obtain the grand jury documents he seeks from his criminal defense attorney, a source "that is more convenient, less burdensome, or less expensive." This is an easy request as Plaintiff has control over his criminal defense attorney's records. It is also less burdensome because OAG should not be required to produce everything to Plaintiff twice, and OAG informed Defense counsel that the grand jury records are now in archive. For these three reasons, this Court "must limit… the extent of discovery" even if relevant, proportional, and non-privileged (which Defendants deny).

### III. The grand jury information is subject to privilege.

The Third Circuit has held that a federal court cannot order production of state grand jury materials to the Plaintiff or even to the District Court in camera unless the party first petitions the state judge presiding over the grand jury. *Camiolo v. State Farm.*, 334 F.3d 345, 356-57 (3d Cir. 2003) (citing *In re GJ of Phila. Cnty.*, 437 A.2d 1128,

---

[1] It is currently unclear to defense counsel how much of the privileged information Plaintiff disclosures in his pleading was already made public in the criminal case.

4

1131 (Pa. 1981) (error to grant disclosure of grand jury transcripts and evidence to Philadelphia law department for civil investigation) and 28 U.S.C. §1738 (giving full faith and credit to state court orders)).

It is not clear that the state court can or will permit disclosure. The statute does not appear to allow disclosure in civil proceedings:

> Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the Commonwealth <u>for use in the performance of their duties</u>. The attorneys for the Commonwealth may with the approval of the supervising judge disclose matters occurring before the investigating grand jury including transcripts of testimony to local, State, other state or Federal law enforcement or investigating agencies <u>to assist them in investigating crimes under their investigative jurisdiction</u>. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court. All such persons shall be sworn to secrecy, and shall be in contempt of court if they reveal any information which they are sworn to keep secret.

42 Pa.C.S. §4549(b) (emphasis added).

"Thus, attorneys for the Commonwealth may make use of matters occurring before an investigating grand jury in the performance of their own duties, but may disclose such matters to other 'law enforcement or

5

investigating agencies' in only one instance-'to assist them in investigating crimes under their investigative jurisdiction.'" *In re Investigating GJ of Phila. Cnty.*, 437 A.2d at 1131. Notably, in that case, the Court held that grand jury proceedings could not be disclosed for use in civil prosecutions.

Witnesses, like Zimmerman, may voluntarily disclose <u>their own testimony</u>: "No witness shall be prohibited from disclosing his testimony before the investigating grand jury except for cause shown in a hearing before the supervising judge. In no event may a witness be prevented from disclosing his testimony to his attorney." 42 Pa.C.S. §4549(d). But the Superior Court held that no Court can require a witness to testify about what they said in grand jury proceedings, and the statute does not permit the witness to release the transcript. *In re Nov. 1975 GJ*, 445 A.2d 1260, 1262 (Pa. Super. 1982). This would include preclude a subpoena to a grand jury witness, *id.*, but would equally apply to interrogatories or a deposition.

Unlike the federal rules that do not apply, *see Camiolo*, 334 F.3d at n.10, the Pennsylvania rules appear to prohibit disclosure in civil cases. The general rule bars disclosure except as provided by law: "All

6

persons who are to be present while the grand jury is in session shall be identified in the record, shall be sworn to secrecy as provided in these rules, and shall not disclose any information pertaining to the grand jury except as provided by law." Pa. R. Crim. P. 231(C)

The exceptions are outlined in Pa.R.Crim.P. 230, which all appear to only permit disclosure in relation to the criminal case:

> "**(A) Attorney for the Commonwealth**: Upon receipt of the certified transcript of the proceedings before the investigating grand jury, the court shall furnish a copy of the transcript to the attorney for the Commonwealth <u>for use in the performance of official duties</u>.
>
> **(B) Defendant in a Criminal Case**:
>
> (1) When a defendant in a criminal case has testified before an investigating grand jury concerning the subject matter of the charges against him or her, <u>upon application of such defendant</u> the court shall order that the defendant be furnished with a copy of the transcript of such testimony.
>
> (2) When a witness in a criminal case has previously testified before an investigating grand jury concerning the subject matter of the charges against the defendant, <u>upon application of such defendant</u> the court shall order that the defendant be furnished with a copy of the transcript of such testimony; however, such

>testimony may be made available **only after the direct testimony of that witness at trial**.
>
>(3) **Upon appropriate motion of a defendant in a criminal case**, the court shall order that the transcript of any testimony before an investigating grand jury **that is exculpatory to the defendant**, or any physical evidence presented to the grand jury **that is exculpatory to the defendant**, be made available to such defendant.
>
>(C) Other Disclosures: **Upon appropriate motion, and after a hearing into relevancy**, the court may order that a transcript of testimony before an investigating grand jury, or physical evidence before the investigating grand jury, may be released **to another investigative agency**, under such other conditions as the court may impose."

None of the highlighted disclosures are applicable here. No state court appears to have ever addressed in a public decision whether the courts can unseal grand jury materials for use by civil plaintiffs or defendants or whether repeated disclosure violates the statute after the permissive disclosure during a criminal case. OAG has noted in their brief that such applications often take place under seal, which can explain the lack of published authority on the questions.

Nonetheless, the state court could interpret *Grand Jury of Philadelphia County* to prohibit disclosure. Given these authorities,

8

OAG and Defendants cannot risk violating the law in order to respond to Plaintiff's discovery requests. Defense counsel has asked OAG for copies of the grand jury protective orders and/or disclosure orders to know the scope of the permitted disclosures during the criminal proceedings, but OAG has been unable to locate the orders thus far.[2]

This Court should defer to the state court as to the scope of the privilege if and when Plaintiff files a motion to permit disclosure. In *in re Philadelphia County*, the Supreme Court of Pennsylvania found that the privilege covers, at a minimum, testimony before a grand jury and any evidence subpoenaed by or produced to a grand jury. This would seem self-evident. Likewise, as OAG explains and as *In re 20th GJ* shows, the privilege must necessarily extend to verbal disclosure of the grand jury matters. *See* OAG ex. A. The Court in *In re 20th GJ* held that the confidentiality of proceedings naturally extends to second and third-hand accounts of those proceedings. OAG ex. A p. 14 ("Clearly, the oath

---

[2] Defendants note that disclosure would be inappropriate even if federal law did apply (which it does not). A civil rights plaintiff's suspicions of government wrongdoing, absent actual proof, cannot justify disclosure of grand jury records. *Shields v. Twiss*, 389 F.3d 142, 148 (5th Cir. 2004); *Lucas v. Turner*, 725 F.2d 1095 (7th Cir. 1984); *Cruz v. Costello*, 1993 WL 12830 (E.D. Pa. Jan. 15, 1993). *See also US v. Valencia-Trujillo*, 462 F.App'x 894, 898 (11th Cir. 2012) ("Valencia–Trujillo seeks the disclosure of grand jury materials in the hope of finding testimony to support his unsupported allegations, which is precisely the kind of fishing expedition that cannot justify disclosure.").

is not limited to grand jury information obtained by Kolojejchick while present in the grand jury room."). The privilege likewise includes interrogatories asking Defendants about the proceedings.

In addition, as the attached discovery cover letters located by OAG show (ex. 6), all documents from the criminal case whether acquired by grand jury subpoena or "by other means" were subject to protective orders to protect persons identified by the documents.[3] This Court must give full faith and credit to the state court and require Plaintiff to seek relief from the protective orders there in the first instance instead of collaterally attack the protective orders.

Respectfully submitted,

Lavery Law

s/ Frank J. Lavery, Jr.
Pennsylvania Bar No. 42370
s/ Josh Autry
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (p); (717) 233-7003 (f)
flavery@laverylaw.com
jautry@laverylaw.com
Counsel for Defendants

Date: July 15, 2016

---

[3] OAG has not been able to locate the protective orders, but Plaintiff has them as shown by the letters to him. *See* ex. 5 (9-29, 10-12, & 10-25 letters enclosing orders).

10

## Certificate of Service

I certify that on this date, I served a true and correct copy of this filing through this Court's electronic case filing system to Devon M. Jacob, Esquire.

                                              s/ Amyra Wagner
                                              Legal Secretary for Josh Autry

Date: July 15, 2016