IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. ZIMMERMAN, : | |
|     Plaintiff : | |
| : | No. 1:13-cv-02788 |
| v. : | |
| : | (Judge Kane) |
| THOMAS W. CORBETT, et al., : | |
|     Defendants : | |

**MEMORANDUM**

Before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 47.) For the following reasons, the Court will deny Defendants' motion.

**I.  BACKGROUND**

The above-captioned case stems from criminal charges filed against Plaintiff John R. Zimmerman and nine other Republican employees of the Pennsylvania House of Representatives on November 12, 2009. (Doc. No. 1 ¶¶ 32-34, 116, 120.)  The charges followed an investigation of public corruption (see id. at ¶¶ 29-30), later characterized and reported as "Boxgate" and "Computergate" (id. ¶ 34).  Plaintiff maintains that he was charged in the "Boxgate" conspiracy, described as the movement of boxes that contained "three year old blank campaign letterhead" and envelopes.  (Id. ¶¶ 35-36.)  Plaintiff alleges that then-Attorney General Thomas W. Corbett filed criminal charges against Zimmerman and the nine other Republicans in response to criticism that Corbett engaged in partisan politics in the exercise of prosecutorial discretion.  (Id. ¶¶ 26, 28, 32-33, 39.)  Plaintiff also alleges that the criminal charges were initiated without probable cause.  (See id. ¶¶ 27-35, 39, 89, 168, 172-73, 178-79.)  The charges filed against Plaintiff were voluntarily dismissed on November 17, 2011.  (Id. ¶¶ 38, 164, 172.)

1

On November 14, 2013, Plaintiff Zimmerman filed a complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that Defendants Thomas W. Corbett, Linda L. Kelly, Frank G. Fina, K. Kenneth Brown, II, Michael A Sprow, Anthony J. Fiore, and Gary E. Speaks maliciously prosecuted him in violation of the Fourth and Fourteenth Amendments to the United States Constitution. (Doc. No. 1.) In an amended complaint, filed on May 7, 2014, Plaintiff repleaded his malicious prosecution claim under the Fourth and Fourteenth Amendments and added a malicious prosecution claim under Pennsylvania law. (Doc. No. 20.)

On May 21, 2014, Defendants filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 21.) On February 10, 2015, the Court granted in part and denied in part Defendants' Rule 12(b)(6) motion to dismiss. (Doc. Nos. 29, 30.) The Court dismissed Linda L. Kelly from the suit because Plaintiff failed to adequately allege her involvement. (Doc. Nos. 29 at 19; 30.) The Court also dismissed numerous allegations against the remaining Defendants as barred by absolute immunity. (Doc. No. 29 at 11-15, 17). However, the Court denied the motion to dismiss Plaintiff's malicious prosecution claims – under either the Fourth and Fourteenth Amendments or Pennsylvania law – to the extent that the claims are premised on allegations that:

> (1) the Defendants manufactured witness testimony and intimidated witnesses prior to the grand jury proceedings, (2) the Defendants destroyed exculpatory evidence, and (3) that Defendant Fiore signed a criminal complaint and affidavit of probable cause that contained false and misleading statements.

(Doc. No. 30.) In the accompanying order, the Court stated that "Defendants may raise their immunity arguments at summary judgment, following development of the factual record in this case." (Id.)

On March 12, 2015, Defendants filed an answer to the amended complaint, and Plaintiff submitted an amended joint case management plan. (Doc. Nos. 32, 33.) Close of fact discovery

was scheduled for December 22, 2015. (Doc. No. 36.) On November 30, 2015, Defendants filed the present motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 47.) The motion for judgment on the pleadings urges the Court to grant Defendants qualified immunity on the remaining claims. (Id.) Plaintiff filed a brief in opposition to the pending motion on January 26, 2016 (Doc. No. 55), and Defendant filed a reply brief thereto on February 9, 2016 (Doc. No. 56). The present motion is now ripe for disposition.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is proper only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991) (internal citation omitted). "A court will grant a motion for judgment on the pleadings if the movant establishes that there are no issues of material fact, and that he is entitled to judgment as a matter of law." Allstate Prop. & Cas. Ins. Co. v. Squires, 667 F.3d 388, 390 (3d Cir. 2012) (internal citations and quotations omitted). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." Id.

## III.    DISCUSSION

Defendants move the Court to grant the present motion on the basis of qualified immunity. (Doc. No. 47 ¶ 4.) Plaintiff opposes the motion on the grounds that material facts remain disputed and that the motion prematurely claims immunity. (See Doc. No. 55 at 2, 6-8.) The Court addresses the following in turn: (1) the doctrine of qualified immunity; (2) whether

Plaintiff's allegations in the amended complaint make out a constitutional violation; (3) Defendants' efforts to frame the right at issue; and (4) whether Defendants Anthony J. Fiore and Gary E. Speaks are presumptively entitled to qualified immunity.

The doctrine of qualified immunity protects "government officials performing discretionary functions" by "shield[ing them] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a district court undertakes the following two-pronged inquiry:

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. … Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citing Saucier, 533 U.S. 194, 121).

The Court will begin its qualified immunity analysis with the first prong. The Court must decide whether the facts Plaintiff Zimmerman has alleged – accepting the allegations as true and drawing all reasonable inferences in his favor – make out a violation of a constitutional right. As explained below, Plaintiff has alleged a Fourth Amendments malicious prosecution claim. (Doc. No. 20 ¶ 183.) Accordingly, the Court will decide whether Plaintiff's allegations make out a Fourth Amendment malicious prosecution claim.

### A. Whether Plaintiff alleged a violation of a constitutional right

Defendants challenge whether Plaintiff Zimmerman has adequately pleaded his malicious prosecution claim under the Fourth Amendment. In particular, Defendants contend that Plaintiff fails to adequately allege a Fourth Amendment seizure. (Doc. Nos. 47 ¶ 9; 49 at 24-25.)

"To prevail on a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014) (quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)).

"Where the malicious prosecution claim sounds in the Fourth Amendment, the plaintiff 'must show some deprivation of liberty consistent with the concept of 'seizure.''" Johnson v. Knorr, 477 F.3d 75, 85 n.14 (3d Cir. 2007) (citing Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998)). In making this determination, courts consider whether a plaintiff was physically detained, faced travel restrictions, posted bail, or was subjected to "mandatory pretrial services check-ins." Perkins v. Staskiewicz, No. 08-1651, 2010 WL 2510191, at *4 (M.D. Pa. June 17, 2010) (collecting cases).

Here, the amended complaint alleges that Plaintiff was handcuffed and fingerprinted at the police station, subjected to a perp walk, surrendered his passport, was arraigned, was subject to a "$1,000 unsecured bail," and "suffered an ongoing deprivation of liberty … as a consequence of being subject to bail conditions and having his passport confiscated." (Doc. No. 20 ¶¶ 126, 130-136, 181.) At this stage, accepting all of the allegations in the amended complaint as true, the Court is persuaded that Plaintiff adequately alleges a Fourth Amendment seizure. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) ("Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure"); cf. Perkins, 2010 WL 2510191, at *4.

Accordingly, in light of this determination as well as the prior order denying Defendants' Rule 12(b)(6) motion (Doc. Nos. 29, 30),[1] the Court finds that – at this stage in the proceedings – Plaintiff's amended complaint makes out a violation of a constitutional right. Saucier, 533 U.S. at 200-01. Accordingly, the Court turns to the second prong of the qualified immunity analysis.

### B.   Whether the right at issue is clearly established

Having determined that Plaintiff alleged a constitutional violation, the Court turns the second prong of the qualified immunity analysis. At this stage, the court "must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson, 555 U.S. at 232 (emphasis added).

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015) (internal citations and quotations omitted). A case "directly on point" is not required, though "existing precedent must have placed the statutory or constitutional question beyond debate." Id. Here, Defendants bear the burden of persuasion that a reasonable official "would not have known, under the circumstances, that the conduct was illegal." Model Civ. Jury Instr. 3rd Cir. 4.2 (2015); see Halsey v. Pfeiffer, 750 F.3d 273, 288 (3d Cir. 2014); Burns v. PA Dep't of Corr., 642 F.3d 163, 176 (3d Cir. 2011).

---

[1] In large part, Defendants attack the adequacy of Plaintiff's pleadings by urging the Court to reconsider arguments previously rejected in the Rule 12(b)(6) motion as meritless or premature. (Doc. Nos. 29, 49.) For example, Defendants argue that "the prosecutors are absolutely immune for all claims of evidence fabrication" (see Doc. Nos. 29 at 17; 49 at 31), challenge whether Plaintiff stated a claim against Defendant Corbett (Doc. Nos. 24 at 19; 29 at 18-19; 49 at 31-32), and contest whether Plaintiff "plausibly plead[ed] that [Agent Fiore] misled the prosecutors into taking the case" (Doc. Nos. 24; 29 at 19-21; 47 ¶ 8; 49 at 29), or adequately alleged that Defendants intimidated witnesses prior to the grand jury proceedings (Doc. Nos. 29 at 15-16; 47 ¶ 7). At this stage and absent further development of the factual record, the Court declines to reconsider Defendants' previously adjudicated arguments.

However, prior to deciding whether a right was "clearly established," this Court must identify the right at issue. Spady v. Bethlehem Area Sch. Dist., 800 F.3d 633, 638 (3d Cir. 2015). The Third Circuit has suggested that courts frame the right at issue in a "particularized" and "relevant[] sense," considering "the case's specific context, not as a broad general proposition." Id. (internal citations and quotations omitted). Accordingly, the Court begins by addressing Defendants' efforts to frame the right at issue.

**1. Framing the constitutional right at issue**

Defendants challenge, inter alia, whether it is clear that Brady v. Maryland, 373 U.S. 83 (1963), applies without a trial and conviction and whether the destruction of proffer notes in accordance with policy violates clearly established law. (Doc. No. 47 ¶¶ 5-6; see Doc. No. 49 at 14-24, 28-29.) Plaintiff responds that he did not assert a Brady claim or a procedural due process claim. (Doc. No. 55 at 3, 6-9.) As explained below, the Court finds that Defendants' Brady arguments fail to address the constitutional right at issue.

Here, the amended complaint alleges a malicious prosecution claim under the Fourth and Fourteenth Amendments and a malicious prosecution claim under Pennsylvania law.[2] As a general matter, the "constitutional right at issue in the context of a § 1983 malicious prosecution claim is the Fourth Amendment right to be free from unreasonable seizures." Boydston v. Isom, 224 F. App'x 810, 814 (10th Cir. 2007). A Brady claim is distinct from a malicious prosecution claim, see Poventud v. City of New York, 750 F.3d 121, 137 & n.20 (2d Cir. 2014), as it involves "different constitutional rights and, critically, [entails] different elements of recovery," Mazzetti v. Bellino, 57 F. Supp. 3d 1262, 1269 (E.D. Cal. 2014) (internal citations omitted).

---

[2] Although this Court dismissed numerous allegations in the complaint pursuant to absolute immunity, the Court declined to dismiss Plaintiff's malicious prosecution claims, inter alia, to the extent that they were premised on "Defendants' alleged destruction of exculpatory evidence." (See Doc. No. 29 at 10, 17-18, 23.)

Therefore, even without defining the proper scope and contours of the Fourth Amendment right at issue, the Court disagrees that the right at issue directly implicates Brady v. Maryland. See Golodner, 770 F.3d at 206. Plaintiff's passing reference to Brady in the complaint does not change the analysis. (Doc. No. 20 ¶ 114.)

Defendants' efforts to define the right allegedly violated as a due process right are unpersuasive.[3] (Doc. No. 49 at 14-24.) As such, the Court declines to decide whether the purported Brady or due process right was "clearly established" at the time of the alleged misconduct. Instead, the Court turns to Defendants' qualified immunity arguments concerning Defendants Anthony J. Fiore and Gary E. Speaks.

### 2. Whether Fiore and Speaks are presumptively entitled to qualified immunity

Defendants also contend that Anthony J. Fiore and Gary E. Speaks are entitled to qualified immunity because "any reasonable agent would have believed probable cause existed." (See Doc. Nos. 47 ¶ 8; 49 at 26-28, 29-30.) Specifically, Defendants argue that Agents Fiore and Speaks are presumptively entitled to qualified immunity under the Third Circuit's Kelly v. Borough of Carlisle decision.[4] (See Doc. Nos. 49 at 29-30; 49-7 at 1.) Plaintiff responds that Agents Fiore and Speaks cannot "rely on legal advice that is based on their destruction of

---

[3] In the alternative, were the Court to construe Defendants' Brady arguments as challenging the "malice" element of Plaintiff's malicious prosecution claims, the Court remains unpersuaded. Defendants appear to argue, in the alternative, that Plaintiff cannot prove an element of his malicious prosecution claims – i.e., malice – because it is not clearly established that destruction of exculpatory evidence violates Brady v. Maryland under the circumstances. (Doc. No. 56 at 2-3 & n.1; see Doc. No. 55 at 3 & n.2.) A Rule 12(c) motion is properly granted only "when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Inst. for Sci. Info., Inc., 931 F.2d at 1005. Here, the Court declines to resolve "question[s] of fact as to malice" at this preliminary stage, see Cameron v. City of New York, 598 F.3d 50, 69 (2d Cir. 2010), particularly where Defendants summarily deny Plaintiff's allegation that Defendants destroyed exculpatory evidence. (Doc. Nos. 20 ¶ 114; 33 ¶ 114).

[4] Defendants also contend that their probable cause basis was "confirmed" when Judge Wenner declined to dismiss the case against Zimmerman at a preliminary hearing. (See Doc. Nos. 49 at 29-30; 49-7 at 1.)

8

exculpatory evidence, fabrication of evidence, and provision of misleading or false statements in sworn filings." (Doc. No. 55 at 13-14.)

In Kelly v. Borough of Carlisle, the Third Circuit held that a "police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from Fourth Amendment claims premised on a lack of probable cause." 622 F.3d 248, 255-56 (3d Cir. 2010). "That reliance must itself be objectively reasonable, however, because a wave of the prosecutor's wand cannot magically transform an unreasonable probable cause determination into a reasonable one." Id. at 256 (internal citations omitted).

Here, as this Court previously noted, the Court construes the amended complaint as "alleging that both Fiore and Speaks were involved in the alleged fabrication of evidence prior to the grand jury proceedings, and with the alleged destruction of exculpatory evidence." (Doc. No. 29 at 20.) Again, without defining the exact scope and contours of the right at issue, the Court concludes that Defendants have not satisfied their burden of persuasion that Fiore and Speaks are entitled to qualified immunity. Halsey v. Pfeiffer, 750 F.3d 273, 288 (3d Cir. 2014). The Court is guided by Third Circuit's conclusion in Halsey v. Pfeiffer that a reasonable investigator would have understood that "knowingly us[ing] fabricated evidence to bring about [a] prosecution or to help secure [a] conviction, particularly if the investigators themselves had fabricated the evidence," would violate a defendant's constitutional rights. Id. at 295-96.

Therefore, accepting as true Plaintiff's allegations, the Court is not persuaded that a reasonable officer would not have known that the alleged conduct was illegal. See Dix v. City of Phila., No. 15-532, 2015 WL 4624248, at *6 (E.D. Pa. Aug. 3, 2015) (rejecting defendants' qualified immunity argument where defendants allegedly "manufactured probable cause to arrest

and prosecute plaintiff"). Defendants have not met their burden of showing that Defendants Fiore and Speaks are entitled to qualified immunity. Burns, 642 F.3d at 176.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 47.) As the Court previously stated in its February 10, 2015 memorandum and order, Defendants may reassert their immunity arguments at summary judgment.