IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : District Judge: Yvette Kane |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR THE COURT TO AMEND ITS ORDERS DATED FEBRUARY 10, 2015 (DOC. 30), AND DATED JUNE 22, 2015 (DOC. 42), PURSUANT TO 28 U.S.C. § 1292(b)**

## RELEVANT PROCEDURAL HISTORY AND FACTS

On November 14, 2013, Plaintiff filed the instant matter, pursuant to 42 U.S.C. § 1983, seeking damages. On May 7, 2014, Plaintiff filed an Amended Complaint (Doc. 20). The Defendants filed a motion to dismiss the Amended Complaint (Docs. 21 & 24).

On February 10, 2015, the Court issued an Order granting in part and denying in part the motion to dismiss (Doc. 30). Of relevance to the instant motion, the Court granted Defendants Corbett's, Fina's, Brown's and Sprow's request for absolute immunity for their actions occurring before the Pennsylvania investigative grand jury. (Doc. 29 at pp. 11-15 and 19). Specifically, the Court stated, in relevant part,

1

the following:

> Plaintiff attempts to sidestep the immunity issue in part by arguing that Defendants are not immune from their activities concerning the grand jury. (Doc. No. 27 at 11.) Plaintiff contends that the grand jury in this matter was "investigative" grand jury rather than an "indicting" grand jury, because grand juries in Pennsylvania do not have the power to issue indictments. See 42 Pa.C.S. § 4548. This distinction does not alter the immunity analysis. As the Court discussed above, a prosecutor's activity before a grand jury is entitled to absolute immunity. See, e.g., Burns v. Reed, 500 U.S. 478, 490 n.6 (1991) (noting that "there is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under [Section] 1983 for their conduct before grand juries"). That a Pennsylvania grand jury merely has the power to recommend charges, rather than to indict, is irrelevant; the function of the prosecutor in either scenario is the same: to present the state's case and evidence. See Buckley, 509 U.S. at 273 ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.") As Defendants note, Plaintiff's argument asks the Court to conclude that prosecutors are not immune for the activities before Pennsylvania grand juries. Such a conclusion threatens to hinder a prosecutor's ability to present the state's evidence, and therefore runs counter to the well-established justifications behind the doctrine of prosecutorial immunity. See Imbler, 424 U.S. at 427-28 (observing that a lack of absolute immunity for prosecutors would "disserve the broader public interest" by, inter alia, "prevent[ing] the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system."); see also Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) ("The 'functional approach' [to prosecutorial immunity] . . . evaluates the effect that exposure to particular forms of liability would likely have on the appropriate exercise of that function.").

(Doc. 29 at pp. 11-15) (footnotes removed).

With respect to the remaining claims, the Court denied the Defendants' request for immunity without prejudice.

The Defendants did not file a motion for reconsideration of the Court's Order denying their request for immunity for the remaining claims, or file an appeal related to same. Plaintiff, however, filed a motion for reconsideration of the Court's Order (Doc. 30), granting Defendants Corbett's, Fina's, Brown's and Sprow's request for absolute immunity for their actions occurring before the investigative grand jury. (Doc. 38). On June 22, 2015, the Court issued an Order (Doc. 42), denying Plaintiff's motion for reconsideration.

On October 14, 2015, the Defendants obtained new counsel. On November 30, 2015, the Defendants filed a motion for judgment on the pleadings, reasserting their immunity argument. (Doc. 47). On July 15, 2016, the Court issued an Order (Doc. 70) denying the Defendants' motion for judgment on the pleadings.

On August 12, 2016, the Defendants filed a Notice of Appeal. (Doc. 73). On August 25, 2016, Plaintiff filed a motion (Doc. 75) to request that the Court amend its Orders dated February 10, 2015 (Doc. 30), and dated June 22, 2015 (Doc. 42). This brief is filed in support of the motion.

## **QUESTION PRESENTED**

In light of the Defendants' Notice of Appeal, to conserve judicial resources and in the interest of efficiency, should the Court amend its Orders dated February 10, 2015 (Doc. 30), and dated June 22, 2015 (Doc. 42), to include necessary language so that Plaintiff may file a Petition in the Third Circuit to request that the immunity issue be decided now, in its entirety, instead of piecemeal?

**ARGUMENT**

**THE COURT SHOULD AMEND ITS ORDERS DATED FEBRUARY 10, 2015 (DOC. 30), AND DATED JUNE 22, 2015 (DOC. 42).**

Plaintiff is not permitted to appeal the Court's decision to grant the Defendants absolute immunity for their actions occurring before the investigative grand jury until after the remaining claims are resolved. However, in light of the Defendants' appeal of this Court's *denial* of their request for immunity with respect to some claims, in the interest of judicial economy and efficiency, the Third Circuit should have an opportunity to review this Court's *grant* of immunity, now, in its entirety, instead of piecemeal. Doing so will significantly shorten the already protracted litigation, and save the taxpayers and litigants a considerable amount of money.

Specifically, if the Defendants' instant appeal is granted, Plaintiff intends to appeal this Court's granting of Defendants Corbett's, Fina's, Brown's and Sprow's request for absolute immunity for their actions occurring before the investigative grand jury; thus, the Third Circuit will be required to consider *two* appeals. In the alternative, if the Defendants' instant appeal is denied, after the remaining claims are resolved, Plaintiff similarly intends to appeal this Court's granting of Defendants Corbett's, Fina's, Brown's and Sprow's request for absolute immunity for their actions occurring before the investigative grand jury; thus, again, the Third Circuit will be required to consider *two* appeals. Moreover, in the latter scenario, if the second appeal is granted, the case will be remanded to this Court for *further*

4

*discovery and possibly a second trial.*

Rule 5(a) of the Federal Rules of Appellate Procedure provides in relevant part, the following:

> **Petition for Permission to Appeal.**
> (1) To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal. The petition must be filed with the circuit clerk with proof of service on all other parties to the district-court action.
> (2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.
> *(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.*

28 U.S.C. § 1292(b) provides in relevant part, the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court

>unless the district judge or the Court of Appeals or a judge thereof shall so order.

It remains Plaintiff's contention that this Court's grant of absolute immunity to the prosecutorial Defendants for their actions before the investigative grand jury is a clear error of law, that if not corrected, now (especially in light of the Defendants' appeal of the Court's denial of their request for immunity with respect to other claims), will result in a significant waste of resources as a result of the need to litigate multiple appeals, redo discovery, and possibly conduct multiple trials. Moreover, there is no incentive for either the Plaintiff or the Defendant to consider resolving the case until after the Third Circuit decides the immunity issue in its entirety. Finally, the legal issue of whether or not prosecutors enjoy *absolute immunity*, as opposed to *qualified immunity*, for their actions before *investigating* grand juries, as opposed to *indicting* grand juries, is significant, and will have great impact on how prosecutors conduct themselves going forward.

## **CONCLUSION**

Wherefore, in light of the Defendants' Notice of Appeal, it is respectfully requested that the Court amend its Orders dated February 10, 2015 (Doc. 30), and dated June 22, 2015 (Doc. 42), to include language indicating that the Court is of the "opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C.

§ 1292(b), so that Plaintiff may file the requisite Petition. <u>See</u> Fed. R. App. P. 5(a).


**Respectfully Submitted,**


*/s/ Devon M. Jacob*                                                                    **Date:  September 8, 2016**
_____
**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. ZIMMERMAN,** | : Civil Action No.: 1:13-cv-2788 |
| Plaintiff, | : |
| | : District Judge: Yvette Kane |
| v. | : |
| | : CIVIL ACTION – LAW |
| **THOMAS W. CORBETT, et al.,** | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*[signature]*

**DEVON M. JACOB, ESQUIRE**

Date: September 8, 2016